Kermit SLONE, Plaintiff-Appellee,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 16376.

United States Court of Appeals
Sixth Circuit.

Feb. 2, 1966.

Robert C. McDiarmid, Atty., Dept. of Justice, Washington, D. C., for appellant, John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Lawrence R. Schneider, Attys., Dept. of Justice, Washington, D. C., George I. Cline, U. S. Atty., Lexington, Ky., on brief.

Ronald W. May, Pikeville, Ky., for appellee, Combs & May, Pikeville, Ky., on brief.

Before WEICK, Chief Judge, and O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

The Secretary of Health, Education and Welfare denied plaintiff's application to establish a period of disability and for disability insurance benefits under sections 216(i) and 423 of the Social Security Act, 42 U.S.C. §§ 416(i), 423.[1] The District Court reversed the Secretary's decision and remanded the case to him with instructions to make an award of a period of disability and disability insurance benefits. The Secretary has appealed to this Court from the judgment

1. The Act was amended on July 30, 1965 so as to provide, in part, benefits for disability within the purview of the Act which has lasted or can be expected to last for a continuous period of not less than twelve months. P.L. 89–97, 79 Stat. 286 et seq.

of reversal. The only issue in the case before the Secretary was whether plaintiff was disabled within the meaning of the Act.

At the time of his application for disability benefits plaintiff was a thirty-four old male with an eighth grade education, which he had completed at the age of seventeen. After leaving school he worked as a laborer, primarily in and around coal mines in Kentucky. He is married and has two children. In 1952 plaintiff was drafted into the Armed Services and while serving in Korea he received a combat wound in his right leg for which he is receiving partial disability benefits. The evidence showed that the wound was well healed.

Subsequent to his discharge from the service and while working in a coal mine, plaintiff sustained an injury to his back when he was caught between a timber and a motor. The injury aggravated a congenital condition of his back, called spondylolisthesis, or a "low back", where one vertebra overlaps another. This defect is characterized by maximum forward flexion and less than normal hyperextension, and is frequently painful. He is receiving Workmen's Compensation benefits under Kentucky law on a temporary total disability basis.

Plaintiff filed an application for Social Security disability benefits, alleging that he was unable to work because of his back injury. The Hearing Examiner denied his application, finding "no medical evidence that claimant has a severe impairment."

The Examiner further found:

"The evidence indicates that the claimant has a minor congenital spinal defect that is common to five of six per cent of the male population. At most, the evidence shows that he may be temporarily unfit for labor involving repetitive bending, stooping, lifting or handling weights in excess of 40 to 50 pounds. Even now he can do sitting work and can do standing work that does not involve the aforementioned activities."

Contrary to the findings of the Hearing Examiner, the medical evidence in the record established that plaintiff's impairment was severe enough to prevent his working in his former occupation as a miner. Dr. Roland, an orthopedic surgeon, observed that people with congenital defects such as claimant's "are characterized by weak, vulnerable backs", and that claimant "in common with many others with this spinal deformity, amounting to five or six per cent of the male population, is not particularly well qualified for labor;" and further:

"If forced to continue laboring occupations * * * he will doubtless continue to repeat as a workmen's compensation claimant."

Dr. Roland classified plaintiff as 25 to 30% disabled due to the congenital defect and an additional disability of 5 to 10% due to the injury.

Dr. Musgrave stated that plaintiff was "fit for sedentary work only at this time." Dr. Brown stated that plaintiff had temporary disability of 100% and 40% permanent disability to the body as a whole. He attributed one-half of this to the injury and the other one-half to the congenital condition. However, he felt that with rehabilitation plaintiff could return to moderate labor. He did not state what type of rehabilitation would achieve this result, and it has not yet taken place.

Dr. Maloy recommended the use of a four-bar back brace and stated that plaintiff should not engage in repetitive bending, stooping, lifting, or handling weights in excess of forty to fifty pounds. He further stated that plaintiff could do sitting or standing work that did not involve the foregoing activities.

The condition of plaintiff as related by the physicians is a far cry from a minor temporary ailment, which was all that the Secretary found was wrong with him.

Plaintiff having established by medical evidence that he was no longer able to perform the type of work for which he was fitted, the burden of proof was then upon the Secretary to prove that he was

able to perform some other kind of substantial gainful activity available to him. Ratliff v. Celebrezze, 338 F.2d 978 (6th Cir. 1964) and cases therein cited. The Secretary offered no such proof and made no findings on this subject. Under these circumstances plaintiff was entitled to an award and the District Court was correct in so holding. Ratliff v. Celebrezze, supra.

Affirmed.