J. V. SATTERFIELD, Plaintiff,

v.

David MATHEWS, Secretary, Health, Education, and Welfare, Defendant.

Civ. A. No. B–76–C–8.

United States District Court, E. D. Arkansas, N. D.

May 17, 1979.

Sam H. Boyce, Newport, Ark., for plaintiff.

Samuel A. Perroni, Asst. U. S. Atty., Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

The Motion for Summary Judgment by the defendant is now before the Court in this Social Security Disability case. Whether the final decision of the Secretary of Health, Education, and Welfare, adverse to the plaintiff, is supported by substantial evidence is the question to be resolved in this review.

Jurisdiction in a case of this nature is extremely limited. The Court is not authorized to try the case de novo, or to consider additional evidence, or to substitute its judgment for that of the administrative fact finders on questions of fact. If the findings of the agency are supported by substantial evidence appearing in the record, considered as a whole, the Court is required to accept the findings. *Hemphill v. Weinberger*, 483 F.2d 1137, 1139 (5th Cir. 1973); *Ginsburg v. Richardson*, 436 F.2d 1146 (3rd Cir. 1971), *cert. denied*, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Easttam v. Secretary of Health, Education, and Welfare*, 364 F.2d 509 (8th Cir. 1966). Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938); *Klug v. Weinberger*, 514 F.2d 423 (8th Cir. 1975); *Blanscet v. Ribicoff*, 201 F.Supp. 257, 260 (W.D.Ark.1962). Further, the Court must base its decision upon all the evidence in the record and not just the evidence favorable to the Secretary. *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

The burden of proof of inability to perform substantial gainful activity is upon the plaintiff, and both the factual findings

and the inferences drawn therefrom must be accepted if there is any substantial evidence to support them. However, the Administrative Law Judge's conclusions of law are only persuasive, and his ultimate conclusions of fact and inferences must have a reasonable connection with the primary findings of fact. *Boyd v. Folsom*, 257 F.2d 778 (3rd Cir. 1958); *Chronister v. Celebrezze*, 224 F.Supp. 121, 127 (W.D.Ark. 1963); *Hallard v. Fleming*, 167 F.Supp. 205, 207 (W.D.Ark.1958); *Wray v. Folsom*, 166 F.Supp. 390 (W.D.Ark.1958).

The plaintiff initially filed an application for a period of disability and Disability Insurance Benefits on November 27, 1972, alleging that he had been disabled since August 1, 1972, because of ulcers and arthritis (Tr. 70). This application was denied on December 12, 1973, after a hearing before an Administrative Law Judge for the Bureau of Hearings and Appeals, Social Security Administration. The Appeals Council affirmed that decision on February 4, 1974. The plaintiff did not seek further review.

On February 12, 1974, the plaintiff again filed an application for a period of disability and Disability Insurance Benefits alleging the same date of disability as in his previous application. He again alleged that he was disabled because of ulcers and rheumatoid arthritis (Tr. 133). The application was denied initially (Tr. 137) and upon reconsideration (Tr. 140). On September 26, 1975, an Administrative Law Judge also found that plaintiff was not entitled to a period of disability or Disability Insurance Benefits.

On review, the Appeals Council approved the decision of the Administrative Law Judge on December 1, 1975 (Tr. 3); thus, the decision of the Administrative Law Judge became the final decision of the Secretary of Health, Education, and Welfare.

For the Court to exercise its limited jurisdiction in a case, of this nature, it should first know what decision the Secretary made. This Court is unable to determine whether the Secretary chose to reopen the determination of February 4, 1974. See 20 C.F.R. §§ 404.957, 404.958. If that determination was not reopened, it is a final decision and is ". . . res judicata as to subsequent applications involving the same facts and issues existing at the time of the first decision." *Janka v. Sec. of HEW*, 589 F.2d 365, 367 (8th Cir. 1978). In addition, the decision of the Secretary not to reopen is not subject to review. *Califano v. Sanders*, 430 U.S. 99, 107–109, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Thus, if the decision of the Secretary was to deny reopening the determination of February 4, 1974, this Court's review is limited to whether there is substantial evidence to support the Secretary's decision that the plaintiff was not disabled after the date of the hearing before the Administrative Law Judge on the first application. If the Secretary reopened the previous determination, this Court's review extends to August 1, 1972.

The Administrative Law Judge, in his decision of September 26, 1975, does not mention the issue of reopening and does not state the period of time to which his decision applies. He does, however, mention the date of plaintiff's alleged disability (August 1, 1972) and discusses the plaintiff's self-employment earnings within the period covered by the Secretary's first disability determination.[1]

The Administrative Law Judge, in a preliminary statement at the May 14, 1975 hearing, stated the following:

> The hearing which you requested is presently being held. Your claim is that since

---

1. Even if reopening was denied the Administrative Law Judge could refer to and examine records and reports before February 4, 1974 (the date the Secretary's determination on plaintiff's first application became final). The plaintiff argues erroneously that the Administrative Law Judge's consideration should have been limited to the evidence obtained after the determination. The doctrine of res judicata applies to a determination or judgment and precludes a second suit on the same cause of action. The doctrine does not limit inquiry into issues on a separate cause of action. See, *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) and *Towle v. Boeing Airplane Company*, 364 F.2d 590, 592 (8th Cir. 1966).

August 1, 1972 you have had an impairment or combination of impairments severe enough to prevent you from being able to engage in any substantial, gainful work.

The question for decision, that is the general issue before me, is whether you are entitled to Disability Insurance Benefits under section 223 of the Social Security Act, as amended, and whether a period of disability may be established for you under section 216(i). (Tr. 26–27)

In addition, the Secretary, in his Motion to Affirm Decision of the Secretary, argues that:

There was substantial evidence to support the Administrative Law Judge's decision of December 12, 1973, on the previous application (Tr. 117–124). Plaintiff admittedly could and did engage in farming through the 1973 farm season. . . .

That argument assumes a decision to reopen, although the substantial evidence test would be applied to the determination on the plaintiff's most recent application.

▉ Because the Court has reviewed the evidence in the record as it affects both applications and has concluded that (assuming either a reopening of the first application or a denial of reopening) there is substantial evidence to support the Secretary's decision as to either or both periods, a remand of this case for clarification by the Secretary is not necessary but would be merely perfunctory.

The plaintiff was born on March 25, 1929, has a very limited education, cannot read and can write only his name (Tr. 29). His total work experience has been that of cutting timber and farming (Tr. 30). He owns a 100 acre farm but leases it to another party (Tr. 31). The plaintiff has not done any substantial work on the farm since 1972, nor has he worked at all since 1973 (Tr. 30–32).

The plaintiff's major problems are an ulcer and rheumatoid arthritis (Tr. 32). Riding a tractor makes him ill because of the vibrations and since he has ceased the farm activity his ulcer is better (Tr. 32, 33). It is unclear from his testimony whether strict dieting and medication relieves his ulcer problem significantly but it does not "get him down" as it did previously (Tr. 34). He testified that he has been hospitalized once because of the ulcer and that: "I take Maalox and Milana [sic] and, of course, baking soda, I just about take a box a week, and then little old tablets that the doctor gives me" (Tr. 34).

The plaintiff stated that he was last examined by Dr. Roger L. Green, his personal physician, on May 13, 1975, the day before the hearing, but no tests were conducted (Tr. 35).

As to his arthritis, the plaintiff testified that his knees and ankles swell (Tr. 35–36); that it flares up somewhere "all the time" (Tr. 37); that it causes back, neck and head problems (Tr. 40); that he takes shots as often as once a week (Tr. 38); that he cannot take aspirin because of his ulcer (Tr. 42); that the arthritis causes muscle spasms and difficulties in bending or stooping (Tr. 43), and sitting or standing for any length of time (Tr. 45–46); that he has difficulty sleeping because of the pain (Tr. 43); and that he spends most of his time sitting in a chair with his feet "up" (Tr. 41, 45).

The medical records include a report dated June 21, 1973, from Dr. John D. Ashley, hospital records showing hospitalization from April 13, 1973, through April 17, 1973, three reports dated December 14, 1972, March 26, 1974, and March 13, 1975, from Dr. Roger L. Green, the claimant's attending physician during his hospitalization and his personal physician, and a report dated August 1, 1955, from Dr. Ralph Joseph, an internist.

Dr. Ashley's report (Tr. 98–101) is somewhat confusing in that it dates the plaintiff's hospitalization as April 27, 1973. His diagnosis however, is that plaintiff suffers from rheumatoid arthritis and a duodenal ulcer.

Hospital records (Tr. 114–116) listing Roger L. Green, M.D., as the attending physician, indicate that the plaintiff was admitted on April 13, 1973. The diagnostic impression reads "gastrointestinal hemor-

rhage, (probably due to duodenal ulcer)" (Tr. 115). Upon release on April 17, 1973, the report reads: "Patient was treated with Atropine Sulfate, MOM, Cascara, Atarax, Maalox, D5W, D5LR, Phenobarbital, and Vistaril. He improved and was discharged home from the hospital on the 4th hospital day" (Tr. 116).

Dr. Green's evaluation of the plaintiff on December 14, 1972, was that he "has mild osteoarthritis, general, but no limitation of motion or deformities. He has an active duodenal ulcer which has bled in the past and cause transient anemia, but is not anemic now" (Tr. 163).

His report of March 26, 1974, indicates that the plaintiff:

[D]oes have chronic peptic ulcer disease and a recent upper G.I. series reveals his chronic duodenal ulcer crater. In September 1972 he had his one and only episode of complication secondary to his chronic peptic ulcer disease that being a GI hemorrhage which was treated conservatively. The patient responded to the appropriate and conservative [sic] and has been maintained since then. There has been no evidence of further complications such as anemia, bowel obstruction, malnutrition, etc. In fact, the patient is not only not malnourished but is obese. This patient also has mild generalized rheumatoid arthritis with a positive RA test but physical examination reveals a full range of motion with no joint deformities in any joint. He does complain of multiple polyarthralgias especially in his knees, back, shoulders and hands. However, objectively, he continues to maintain a full range of motion. (Tr. 164)

Dr. Green's third report, dated May 13, 1975, reads in full:

Mr. J. V. Satterfield has been under my care for the past five years. He has rheumatoid arthritis involving chiefly his back, knees and wrist. The treatment of his rheumatoid arthritis has been complicated by severe peptic ulcer disease, and he has had severe hemorrhage from his ulcer in the past. He also has chronic

sinusitis, chronic bronchitis and external and internal hemorrhoids.

His condition has continued to grow worse during the past two years, and in my opinion he is totally disabled from performing any type of physical activity. (Tr. 170)

Because of the lack of conclusive medical evidence, the Administrative Law Judge referred the plaintiff to Dr. Ralph Joseph, a specialist in internal medicine. His report of August 1, 1975, reads, in part:

PHYSICAL: Blood pressure 130/110, pulse 100, temperature 98.4, weight 237, and height 72¼.

HEENT: Essentially negative.

CHEST: Sinus rhythm, no murmurs. The lungs are clear.

ABDOMEN: Non tender, no masses, or areas of tenderness.

RECTAL: Normal.

EXTREMITIES: Reveal adequate peripheral pulsations. There is tenderness in both knee joints and in the posterior cervical vertebrae from approximately 3–6. There is good motion in all directions of all the joints with minimal muscle spasm in the region of the joints.

LABORATORY:

RA test negative.

Sedrate was 19.

Uric acid: 5.8 mg%.

L.E. Cell test revealed none seen.

INTERPRETATION OF THE FINDINGS: It is felt that this man has rheumatoid arthritis, duodenal ulcer and hemorrhage, remote.

FINAL DIAGNOSIS: 1) Rheumatoid Arthritis 2) Duodenal ulcer with hemorrhage, remote.

(Tr. 171–172)

Thereafter the Administrative Law Judge correctly found that the plaintiff could not engage in the heavy physical work which his farming experience required.

"When a plaintiff shows that he is disabled from engaging in his former occupation, the burden shifts to the Secretary to come forward with a showing of other em-

ployment available to a person of plaintiff's age, education, work experience, skills, and physical limitations." *Garrett v. Richardson*, 363 F.Supp. 83, 87–88 (D.S.C.1973). *Accord, Ray v. Celebrezze*, 340 F.2d 556, 559 (4th Cir. 1965); *Alsobrooks v. Gardner*, 357 F.2d 110 (5th Cir. 1966); *Slone v. Gardner*, 355 F.2d 485, 486–487 (6th Cir. 1966); *Kerner v. Flemming*, 283 F.2d 916 (2nd Cir. 1960); *McMullen v. Celebrezze*, 335 F.2d 811, 816 (9th Cir. 1964); *Cummins v. Celebrezze*, 222 F.Supp. 285, 291 (W.D.Ark. 1963).

Dr. Vance Sales, a vocational expert, testified that most of the skills acquired by the plaintiff are physical (Tr. 54), and that the best description of him would be "that he was a tractor driver" (Tr. 54). He believes that the plaintiff has skills requiring eye-hand coordination and gross manual dexterity (Tr. 55). He testified that plaintiff is not a candidate for an area of employment which requires paperwork and is not a candidate for even light truck driving (Tr. 55–56). He concluded that, assuming minor joint problems (Tr. 57–65) as indicated by the medical evidence, plaintiff is only qualified for work in elementary handling and packaging areas because of his inability to read (Tr. 56, 63); that these jobs are available in significant numbers in the region in which plaintiff lives (Tr. 59); but that on the basis of the plaintiff's subjective testimony, or Dr. Green's report of May 13, 1975, no jobs were available that the plaintiff could perform (Tr. 56, 57).

In discussing plaintiff's ulcer, the Administrative Law Judge found that:

[T]here was one indication of severe health problems resulting from the ulcer (gastrointestinal hemorrhage in September, 1972) but since that time there has been no further complications such as anemia, bowel obstruction, malnutrition, and the like. It must be concluded, therefore, that claimant's ulcer condition or his gastrointestinal problems are not sufficiently severe to contribute significantly to disability. (Tr.9)

His essential findings as to plaintiff's arthritis follow:

[C]laimant continues to complain of musculoskeletal difficulties but none of the medical findings indicate significant limitation of motion, joint tenderness, pain on motion, fever, redness, or any other symptom indicating rheumatoid arthritis. RA test was negative and if claimant does indeed have rheumatoid arthritis, his current symptoms are minimal. (Tr. 9)

He concluded, based on the medical evidence, none of which alleged total disability except Dr. Green's unsupported statement of May, 1975, that the combination of plaintiff's impairments are not severe enough to preclude substantial gainful employment in the areas listed by the vocational expert. The Administrative Law Judge did find that the plaintiff could perform the light handling and packaging jobs described at the hearing.

The inferences drawn by the Administrative Law Judge from the medical evidence to support his conclusions are reasonable and, thus, permissible. The Secretary's decision must be upheld if it is supported by reasonable inferences which can be properly drawn from the evidence in the record. *Jolley v. Weinberger*, 537 F.2d 1179, 1181 (4th Cir. 1976); *see, Skeens v. Gardner*, 377 F.2d 405 (4th Cir. 1967); *Easttam v. Sec. of HEW*, 364 F.2d 509, 513 (8th Cir. 1966); *Foss v. Gardner*, 363 F.2d 25, 26 (8th Cir. 1966). *Wray v. Flemming*, 181 F.Supp. 783, 786–787 (W.D.Ark.1960).

■ Although Dr. Green's report of May 13, 1975, concludes that the plaintiff is totally disabled, it contains no findings in support of that diagnosis and is not controlling. *See, Klug v. Weinberger*, 514 F.2d 423 (8th Cir. 1975) (dissenting opinion); *see, e.g., Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Rodriguez v. Celebrezze*, 349 F.2d 494 (1st Cir. 1965); *Moon v. Richardson*, 345 F.Supp. 1182, 1187 (W.D.Va.1972).

■ In spite of the conclusions of the Administrative Law Judge there remains troublesome aspects to this case, particularly considering the subjective testimony of the plaintiff together with the vocational expert's opinion based on that testimony.

The Court is aware that according to *Northcutt v. Califano,* 581 F.2d 164 (8th Cir. 1978), and *Lund v. Weinberger,* 520 F.2d 782 (8th Cir. 1975), the existence of pain need not be proved objectively. The automatic rejection of allegations of subjective pain where there is no medical evidence to contradict the existence of debilitating pains may be arbitrary. Here, however, the Administrative Law Judge relied on medical reports [2] which could be interpreted as being inconsistent with the existence of disabling pain and which provide substantial evidence for his conclusion. While specific credibility findings by the Administrative Law Judge would be helpful, it is clear that the plaintiff's subjective complaints were not ignored nor is there corroboration of the existence of disabling pain by other witnesses or reports.

IT IS THEREFORE, ORDERED that the motion of the defendant for summary judgment be, and it is hereby, granted; that the final determination of the Secretary be, and it is hereby, affirmed; and that the complaint of the plaintiff be dismissed with prejudice.

---

**2.** Most of the plaintiff's testimony contained complaints of joint tenderness, swelling and redness. The medical reports directly contradict these complaints.