**Rhubin HARRIS, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Respondent.**

**Civ. A. No. 83-C-58.**

United States District Court, E.D. Wisconsin.

March 6, 1984.

Martin E. Kohler, Levine & Epstein, Milwaukee, Wis., for plaintiff-appellant.

Joseph P. Stadtmueller, U.S. Atty. by Patricia J. Gorence, Asst. U.S. Atty., Milwaukee, Wis., for defendant-respondent.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action to review a final decision of the Secretary of Health and Human Services ("Secretary"), denying the claimant's applications for disability insurance benefits, a period of disability, and supplemental security income. Federal jurisdiction derives from 42 U.S.C. § 405(g). Both parties have moved for summary judgment. I conclude that the Secretary's final decision is based on an erroneous application of the parties' burdens of proof, and accordingly the action will be remanded.

The plaintiff is a thirty-seven year old black male with a twelfth grade education. He has had no vocational training, and has performed various unskilled jobs, working as a sandblaster, a janitor and, at the onset of the alleged disability, a chipper and grinder. This latter job involves chipping excess metal off castings and finishing them with a grinding tool. It requires an ability to lift objects weighing up to 100 pounds.

In 1977, plaintiff injured his back and was treated through 1979 for lower back pain and muscle spasms. In January 1980, his back was again injured in an automobile collision. He received treatment but was unable to continue his work as a chipper and grinder due to the pain in his back.

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income on July 10, 1981. He was determined not to be disabled and therefore ineligible for relief. His requests for reconsideration of the determination of nondisability were denied. Plaintiff timely requested a hearing before an administrative law judge ("ALJ").

On March 18, 1982, a hearing was held at which plaintiff, his wife, and his attorney appeared. Additionally, a vocational expert testified at the ALJ's behest. The ALJ considered the plaintiff's testimony, which included the foregoing facts, and, additionally, his problem with depression. Plaintiff stated that the pain in his back rendered him unable to work, and that coincident with his inability to work, he suffers from severe depression. Plaintiff's wife testified to plaintiff's depression, stating that ever since he left his job in 1980, he had become a different person, lacking any interest in socializing and at times becoming angry almost to the point of violence. She also testified that they briefly separated on one occasion. Finally, the vocational expert testified that plaintiff's depression and his back injury were both disabling afflictions and that they would last for twelve months or more.

The ALJ issued his decision on April 14, 1982. He found that plaintiff's back injury

and psychological problem had prevented him from engaging in any substantially gainful activity since February 1980, and that this combination of problems satisfied the Secretary's "Listing of Impairments." The ALJ concluded that plaintiff was under a disability for purposes of the Social Security Act.

The Social Security Administration Appeals Council ("the Appeals Council") reconsidered on its own motion the ALJ's determination. In a decision dated November 18, 1982, the Appeals Council reversed the ALJ's conclusion and rendered its evaluation of the evidence. With respect to the plaintiff's back injury, the Appeals Council rejected the possibility that this affliction caused pain so severe and unremitting that plaintiff was precluded from engaging in substantial gainful activity. The Appeals Council noted that x-rays of plaintiff's back taken in 1979 and 1980 showed no fractures, and while plaintiff was diagnosed as suffering from recurrent back strain in 1981, he was simultaneously found to have no abnormal back motions, no neurological abnormalities, and no observable difficulties in walking, standing, sitting, bending, stooping, or using his hands. It also observed that all treating physicians released the plaintiff to return to work. From this evidence, the Appeals Council concluded that plaintiff's back impairment and any pain therefrom did not equal the "Listing of Impairments."

With respect to the plaintiff's mental condition, the Appeals Council similarly rejected any finding that plaintiff's depression prevented him from engaging in substantial gainful activity. The Appeals Council reviewed the record of an interview of plaintiff conducted on July 16, 1981, at which time plaintiff stated that he had not seen a psychiatrist and that he occasionally carried out the garbage, mowed the lawn, helped his wife with housework, took care of his two children, and visited with friends and relatives, but also that other activities had been set aside because of his financial situation. The Appeals Council also observed that plaintiff began seeing a psychiatrist in August 1981, and that at an examination by a psychiatrist on September 1, 1981, plaintiff alleged depression, insomnia, a twenty pound weight loss, some suicidal thinking, and social withdrawal. At this time, plaintiff's memory and thought processes were good, and he had no delusions, hallucinations, or psychotic thought processes, and no deterioration in personal habits. The Appeals Council reviewed the psychiatrist's report of July 28, 1982, in which the psychiatrist stated that the plaintiff's condition had improved only slightly over the past year and that medication had not affected plaintiff's depression, but also that plaintiff had not exhibited any psychotic symptoms or cognitive impairments throughout the treatment. The Appeals Council concluded that while the plaintiff's symptoms suggested a significant problem with depression or a dysthymic disorder, it did not equal the "Listing of Impairments" and did not affect significantly his maximum sustained capacity for light work.

In closing, the Appeals Council recognized that plaintiff was not engaged in substantial gainful activity, and that his back strain and mental problems constituted an impairment sufficient to prevent him from returning to his former employment. However, the Appeals Council found that these impairments, whether considered in combination or separately, did not equal the "Listing of Impairments." The Appeals Council found that the plaintiff retained the maximum sustained capacity to perform light work, and that he was not disabled for the purposes of entitlement to a period of disability and disability benefits and eligibility for supplemental security income.

■ Under 42 U.S.C. § 405(g), I must affirm the Secretary's factual conclusions if they are based on "substantial evidence." In this context, the decision of the Appeals Council is the final decision of the Secretary and thus subject to the limited standard of review. *See Hammonds v. Schweiker*, 535 F.Supp. 276, 278 n. 1 (S.D. N.Y.1982). Generally, I must affirm the final decision of the Secretary unless there

is no evidence that a reasonable mind would regard as adequate to support the determination, or unless improper legal standards were applied. I am not free to overturn a decision that is supported by substantial evidence, even though I might reach a contrary conclusion upon *de novo* review of the facts. *Lieberman v. Califano,* 592 F.2d 986 (7th Cir.1979).

In order to qualify for a period of disability under 42 U.S.C. § 416 and for disability insurance benefits under 42 U.S.C. § 423, a claimant must, *inter alia,* show that he is disabled. The Social Security Act defines disability thus:

**(d) Definition of disability.** (1) The term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; or

(B) in the case of an individual who has attained the age of 55 and is blind (within the meaning of "blindness" as defined in section 216(i)(1) [42 USCS § 416(i)(1) ] ), inability by reason of such blindness to engage in substantial gainful activity requiring skills or abilities comparable to those of any gainful activity in which he has previously engaged with some regularity and over a substantial period of time.

(2) For purposes of paragraph (1)(A)—
(a) an individual (except a widow, surviving divorced wife, or widower for purposes of section 202(e) or (f) [42 USCS § 402(e) or (f) ] ) shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423. *See also* 42 U.S.C. § 416(i)(1)(A). In order to qualify for supplemental security income, a claimant must be an "eligible individual" as defined under 42 U.S.C. § 1382:

**(a) Definition of eligible individual.** (1) Each aged, blind, or disabled individual who does not have an eligible spouse and—

(A) whose income, other than income excluded pursuant to section 1612(b) [42 USCS § 1382a(b) ], is at a rate of not more than $1,560 for the calendar year 1974 or any calendar year thereafter, and

(B) whose resources, other than resources excluded pursuant to section 1613(a) [42 USCS § 1382b(a) ], are not more than (i) in case such individual has a spouse with whom he is living, $2,250, or (ii) in case such individual has no spouse with whom he is living, $1,500, shall be an eligible individual for purposes of this title.

For purposes of this section, "disabled" is defined in a manner identical to the definition in 42 U.S.C. § 423(d)(2)(A). *See* 42 U.S.C. § 1382c(a)(3)(B).

By regulations promulgated by the Secretary pursuant to 42 U.S.C. § 405(a), if a claimant is not engaging in substantial gainful activity, the Secretary will consider the claimant's physical or mental impairment. The impairment must be of sufficient severity and duration to permit a finding of disability. The Secretary reviews any current work activity, the severity of the impairment, the claimant's residual functional capacity, and his age, education, and work experience. 20 C.F.R. § 404.-1520(a). However, if a claimant has an

impairment that meets the duration requirement and is listed in the "Listing of Impairments," 20 C.F.R. Subpart P, Appendix 1, or that is equal to one of the impairments listed therein, the Secretary will find the claimant disabled without consideration to the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d).

The Appeals Council reviewed the ALJ's determination pursuant to its authority under 20 C.F.R. § 404.969. The regulations specifically empower the Appeals Council to review a case when "[t]he decision of the ALJ is not supported by substantial evidence." 20 C.F.R. § 404.970(a)(3). It was this provision that the Appeals Council relied upon in deciding *sua sponte* to review the ALJ's determination.

The plaintiff argues that the Appeals Council's decision to review the ALJ's decision was an abuse of its revisionary discretion. It is not altogether clear, however, that the Appeals Council's decision to review the record *sua sponte* is itself reviewable. For example, a number of courts have held that the Secretary's refusal to reopen proceedings on applications for disability benefits is not subject to judicial review. *See, e.g., Davis v. Schweiker,* 665 F.2d 934 (9th Cir.1982); *Gosnell v. Harris,* 521 F.Supp. 956 (S.D.Ohio 1981), *aff'd,* 703 F.2d 216 (6th Cir.1983); *Satterfield v. Mathews,* 483 F.Supp. 20 (E.D.Ark.1979), *aff'd,* 615 F.2d 1288 (8th Cir.1980). Conversely, some cases hold that this decision is reviewable under the abuse of discretion standard. *See Ortego v. Weinberger,* 516 F.2d 1005 (5th Cir.1975).

 However, even if I assume that the Appeals Council properly decided to review the ALJ's determination, I find that the action must be remanded, because the plaintiff has established a prima facie case and the Secretary has not carried her burden of proof. In this respect, I recite the established rule that the initial burden of proving a disability rests with the claimant. If the claimant establishes an inability to return to his or her previous occupation, the burden shifts to the Secretary to prove the reasonable availability of a specific job

in the national economy that the claimant is capable of performing, giving due consideration to the claimant's age, work experience, education, and physical limitations. *Hall v. Harris,* 658 F.2d 260 (4th Cir.1981); *Jock v. Harris,* 651 F.2d 133 (2d Cir.1981); *Smith v. Schweiker,* 646 F.2d 1075 (5th Cir.1981); *Livingston v. Califano,* 614 F.2d 342 (3d Cir.1980).

In the present case, the Appeals Council conceded that the plaintiff was unable to perform his past work, and that finding is supported by substantial evidence. The Appeals Council concluded, however, that the claimant retained a residual capacity to perform light tasks. The Appeals Council relied, with respect to plaintiff's exertional limitations, on the tables in 20 C.F.R. Subpart P, Appendix 2. These tables purport, in an appropriate case, to relieve the Secretary of any burden of identifying specific alternative jobs. With respect to plaintiff's nonexertional limitations, the Appeals Council did not find an applicable rule in the tables that directed a finding of "disabled" or "not disabled," but concluded nonetheless that plaintiff's nonexertional limitations did not adversely affect his capacity for light work. The Appeals Council did not indicate what specific light tasks plaintiff was capable of performing or the availability of those tasks.

The Appeals Council's conclusion fails to satisfy the Secretary's burden of proof. While the Secretary may administratively notice the existence of certain jobs in the economy, " 'facts pertaining to the capacity of a specific individual can be supplied only by particularized proof.' " *Wilson v. Harris,* 496 F.Supp. 746, 748 (E.D.Wis.1980), *quoting Taylor v. Weinberger,* 512 F.2d 664, 668 (4th Cir.1975). *See also Hall v. Harris,* 658 F.2d at 267–268. The present record discloses no specific factual findings that plaintiff is capable of performing specific light tasks with the speed and skill necessary in the competitive labor market. Moreover, insofar as the Appeals Council did not rely on the tables in Appendix 2, it retained a duty to show the existence of specific available jobs. Merely to conclude

that plaintiff showed a residual capacity for light work was not enough. Because I view the facts of this case as requiring the Secretary to show particular jobs that plaintiff is capable of performing, the case will be remanded to the Secretary for further proceedings. The motions for summary judgment will be denied.

IT IS THEREFORE ORDERED that the plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that the Secretary of Health and Human Services' motion for summary judgment is denied.

IT IS FURTHER ORDERED that this action is remanded to the Secretary of Health and Human Services for further findings .consistent with this decision and order.