James **TOWNSEND**, Plaintiff-Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,** Defendant-Appellee.

No. 83–3918.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 16, 1985.

Decided May 14, 1985.

Rehearing and Rehearing En Banc Denied June 26, 1985.

T. Joseph Zraik (argued), Toledo, Ohio, for plaintiff-appellant.

James E. Townsend, pro se.

Patrick J. Foley, Asst. U.S. Atty., Toledo, Ohio, Catherine H. Killam (argued), for defendant-appellee.

Before ENGEL, KRUPANSKY and WELLFORD, Circuit Judges.

WELLFORD, Circuit Judge.

Claimant James Townsend appeals from an order issued by a magistrate below, affirming the decision of the Secretary of Health and Human Services (hereinafter "the Secretary") to deny his application for disability insurance benefits under Title II

of the Social Security Act (hereinafter "the Act").

Townsend is 37 years old and has a high school education with one year of business college. He served as a paratrooper in Vietnam during the 1960's. Since returning from military duty, he has worked in unskilled custodial, automotive assembly, and spot welding jobs. His last employment was as a steward at a country club for four months in 1975. He has been imprisoned for committing an armed robbery in 1976 and other crimes. He also has a history of drug abuse.

Townsend is presently receiving supplemental security income under Title XVI of the Act due to a physical seizure disorder of unknown cause and origin. His disabled status has been established by a series of epileptic-like seizures apparently beginning in 1976.

In the instant case Townsend alleges that his period of effective disability actually began on July 1, 1974. On that date he was discharged from the Toledo Medical Health Center after voluntarily admitting himself a few weeks earlier. His claim is for special disability insurance benefits that he accumulated as a previously paying wage earner under Title II of the Act. He acknowledges that his period of accumulated credit expired on March 31, 1975. Townsend thus claims the right to disability insurance benefits from July 1974 to March 31, 1975.

Townsend first applied for disability insurance benefits in 1977. He claimed that his period of disability began in July 1974 after the onset of a "conversion reaction with hysterical seizures." The Social Security Administration (hereinafter "the Administration") rejected Townsend's application and an Administrative Law Judge (ALJ) agreed with the Administration's position after a hearing.

In late 1981 Townsend reapplied for disability insurance benefits. He claimed disability beginning in July 1974 due to the onset of "epilepsy." Because Townsend presented new evidence regarding the alleged onset of his disability, his reapplica-

tion was considered as a timely request for reopening the prior ALJ determination. The Administration again turned down his application. An ALJ, however, ruled that the new evidence established Townsend's claimed disability due to "severe non-exertional psychiatric impairments" beginning in July 1974.

The ALJ found that Townsend had a continuous history of mental illness for the last twenty years. In 1964 Townsend was admitted into Toledo State Hospital. Between 1969 and 1970, after his tour of duty in Vietnam, he was readmitted four more times. The usual diagnosis was that Townsend suffered from an unspecified personality disorder and depression neurosis. Townsend's last admission in 1970 was due to his attempted suicide in jail. The ALJ also accepted Townsend's testimony that he developed an addiction to drugs during his service in Vietnam.

The ALJ, nevertheless, refused to rely on Townsend's testimony that he began to suffer severely from physical seizures while in a drug abuse program in 1973. The ALJ found no "definite" manifestation of a serious seizure disorder until 1976. The ALJ thus based his determination of Townsend's disability in the 1974–1975 period on his psychiatric impairment rather than a physical seizure disorder.

The Social Security Appeals Council chose to review the case on its own motion and reversed the ALJ determination in January 1983. Based on its review of the record, the Appeals Council held that the ALJ's determination of disability during the relevant 1974–1975 period was not based on substantial evidence.

The Appeals Council refused to agree that the evidence indicating Townsend's previous history of mental problems was adequate to establish disability. The record, in the Appeals Council's view, provided rebutting medical evidence from Dr. P.J. McCarthy of the Toledo Medical Health Center. Dr. McCarthy made his diagnosis at the beginning of Townsend's supposed disability period upon discharge.

He diagnosed Townsend's medical problems as stemming from drug dependence (on heroin) and stated that the discharged patient was not otherwise "mentally ill." His physical examination was "in the normal range." Dr. McCarthy's notes also show that Townsend was discharged at his own request in order to return to his current employment. Townsend acknowledged at the ALJ hearing that he had admitted himself into the Center a few weeks after dropping out of a drug rehabilitation program. He also stated that he specifically entered the Center in order to "detoxify" and return to work.

No other medical report in the record conflicts with Dr. McCarthy's diagnosis during the relevant 1974–1975 period. The Appeals Council emphasized the uncontradicted status of Dr. McCarthy's report during the relevant time period.

Townsend, nevertheless, contends that neither Dr. McCarthy's discharge diagnosis nor any other evidence emphasized by the Appeals Council constitutes substantial evidence in light of the whole record. He also contends that the magistrate failed to recognize an allegedly significant legal error committed by the Appeals Council in refusing to credit his own testimony as sufficient evidence of disability. His final argument against the magistrate's affirmance is that the Appeals Council failed to provide a full and fair explanation of the factors considered in overruling the ALJ's determination.

Although not specifically raised as an issue by claimant Townsend, we note a preliminary issue of broad policy importance. This issue concerns whether at the district court level the proper standard of review was applied to the Secretary's determination; more specifically, it involves whether the court should give deference to the Secretary's determination where her Appeals Council sua sponte has reversed the original factfinder, the ALJ.

■ The magistrate assumed that the issue presented for a reviewing court was whether a substantial amount of evidence in the record supported *the position of the Secretary* as announced by the Appeals Council. This is the traditional deferential standard inferred from 42 U.S.C. 405(g), which states in relevant part that "[T]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ." Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The ultimate question is whether the Secretary had reasonable evidentiary grounds for her decision.

The magistrate did not explicitly consider whether the existence of conflict between an ALJ determination and a *sua sponte* reversal by the Secretary's Appeals Council should change the standard of review. This court addressed and rejected application of a different standard of review in the oft-cited case of *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383 (6th Cir.1978). *Beavers* involved the same kind of conflict between an ALJ determination and a *sua sponte* Appeals Council reversal. This court ruled that the question for the courts remained whether the Appeals Council's own decision on the merits was supported by substantial evidence:

It is beyond dispute that the Appeals Council, and the Secretary, have the *power* to conclude that testimony, even if uncontradicted in the record, is not credible, since the Secretary is entrusted with the duty of making all findings of fact. Since *the statutorily-mandated deference to findings of fact runs in favor of the Secretary, not the administrative law judge*, the Appeals Council has the power to do so even if the administrative law judge has determined otherwise. . . . [T]his Court . . . has the responsibility of determining *whether there is substantial evidence to support the Appeals Council's decision* . . .

577 F.2d at 386–387 (second and third emphases added).

The *Beavers* court explained that the Appeals Council could not simply sweep aside or ignore the factual determinations of an ALJ. *Id.* at 387. The Appeals Council was to give careful consideration to reasonable credibility determinations about witnesses who testified in front of the ALJ at the hearing. *Id.* The Appeals Council should also be required to identify clearly and precisely its reasoning in reversing an ALJ for lack of substantial evidence. *Id.* In *Beavers,* nevertheless, it was emphasized:

> The Secretary has the ultimate responsibility for factual determinations. He should and does have more leeway in making findings and in rejecting the findings of an administrative law judge than does an appellate court in reviewing the decisions of a trial judge or jury.

*Id.* at 387–88. *See also McCann v. Califano,* 621 F.2d 829, 832 (6th Cir.1980) (distinguishing *Beavers* on the facts but reaffirming that the question on appeal remains whether "the decision of the Secretary is supported by substantial evidence").

In an opinion filed after the district court's determination in the instant case (and after the instant appeal was briefed and argued before the instant panel), another panel of this court has held that the

Appeals Council's *sua sponte* reversal of an ALJ should effect a change in the usual standard of review. *See Newsome v. Secretary of Health and Human Services,* 753 F.2d 44 (6th Cir.1985). The *Newsome* panel essentially held that the Secretary's position was open to independent review by the courts whenever it constituted a *sua sponte* reversal of an ALJ's determination.[1] "Our function on review is to determine whether the [Secretary's] Appeals Council was correct in concluding that the decision of the administrative law judge is unsupported by substantial evidence." 753 F.2d at 46. Thus, the *Newsome* panel held the question to be *whether substantial evidence can be found to reinstate the ALJ's determination.* This framing of the standard shifts the balance back in favor of the ALJ's determination.

■ *Newsome* fails even to make a passing mention of this court's apparently conflicting stance in *Beavers.*[2] Whether the *Beavers* rationale rather than that of *Newsome* should be followed in any situation may be determinative. The Secretary's decision here, however, can be affirmed under *Beavers* or *Newsome.* The decision of the Appeals Council not only enjoys the support of substantial evidence but the

---

1. The rationale of the *Newsome* panel was based on construction of the Secretary's own regulation, 20 C.F.R. § 404.970(a) (1984). This regulatory provision specifies when the Appeals Council *"will* review" certain kinds of cases regardless of whether a claimant has filed a motion. *Id.* (emphasis added). The preceding regulatory language in § 20 C.F.R. § 404.969, however, would seem to indicate that the Appeals Council actually *"may* decide to review" any case on its own motion within sixty days after a hearing decision. *Id.* (emphasis added). A clear majority of courts support this view that § 404.970(a) does not limit the Appeals Council's *sua sponte* prerogative. *See, e.g., Lopez-Cardona v. Secretary of Health and Human Services,* 747 F.2d 1081, 1083 (1st Cir.1984); *Baker v. Heckler,* 730 F.2d 1147, 1149 (8th Cir.1984). *See also Taylor v. Heckler,* 576 F.Supp. 1172, 1174 (N.D.Cal. 1983); *Harris v. Heckler,* 580 F.Supp. 1546, 1550 (E.D.Wis.1984).

Such decisions similarly support the *Beavers'* view that the question for reviewing courts thus remains whether the Secretary's decision on the merits is supported by substantial evidence. The First Circuit has explicitly relied on *Beavers*

for resolution of this issue regarding *sua sponte* reversals by the Appeals Council. *See Oldham v. Secretary of Health and Human Services,* 718 F.2d 507, 510 (1st Cir.1983) (citing *Beavers* for holding that "[t]he ALJ's findings and conclusions represent recommendations to the Secretary; the Council is free to independently weigh the evidence and arrive at its own findings and conclusions.")

2. *Newsome* cites only one case in support of its position that § 404.970(a) is the primary regulation addressing the Secretary's *sua sponte* discretion. The case mentioned by the *Newsome* panel is *Parris v. Heckler,* 733 F.2d 324 (4th Cir.1984). Yet the Fourth Circuit in *Parris* specifically refused to accept the view that the language in § 404.970(a) actually mandated an independent court review of the Secretary's decision to reverse an ALJ. The fourth Circuit in *Parris* instead cited *Beavers* as support for its ultimate affirmance of the majority view among the circuits that courts should inquire only whether the Secretary's final decision on the merits was supported by substantial evidence. 733 F.2d at 326.

ALJ's position also lacks any support in the record.

The applicant Townsend had the burden of proving to a reasonable factfinder the existence of a "physical or mental impairment ... of such severity" that "he is ... unable to do his previous work" or any other substantially gainful activity. 42 U.S.C. § 423(d)(1)(A); *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir.1971). The narrow substantive issue in this case therefore was whether Townsend could perform substantially gainful activity during the relevant 1974–1975 period.

Townsend does not even dispute in his testimony or on appeal the considerable evidence in the record that defeats his claim of disability. The beginning of Townsend's alleged disability period essentially coincided with his dropping out of a drug treatment program. He entered the Toledo Mental Health Center in order to detoxify and return to work. The only medical opinion covering the relevant period indicated that Townsend was suffering solely from this treatable drug dependency. He was diagnosed as not otherwise being mentally or physically ill. The Health Center discharged him with the specific expectation that he would return to work.

■ We also find no merit in Townsend's argument that the Secretary committed legal error in refusing to credit his testimony about the onset of debilitating physical seizures during the relevant period. The Appeals Council cited 20 C.F.R. § 404.1528 in stating that "an individual's statement of his symptoms alone is not enough to establish an impairment." Townsend argues that this position is contradicted by the Sixth Circuit's supposed holding in *Sayers v. Gardner*, 380 F.2d 940 (6th Cir.1967), that subjective testimony of pain alone, even though unsupported by objective medical findings, may establish a severe disabling condition.

*Sayers* actually follows the well-established rule in this circuit that subjective testimony of pain cannot be dismissed out of hand and must be considered along with such other "criteria" as "objective medical facts, diagnoses, and expert medical opin-

ions...." 380 F.2d at 948. In any event, however, there is no case law support for the proposition that the subjective testimony of the claimant *must* be fully credited. Even the ALJ, sympathetic to his situation, refused to accept Townsend's testimony about the onset of serious seizure disorders during the relevant time period.

Furthermore, the Appeals Council provided a full and fair explanation of its grounds for reversal of the ALJ. The Appeals Council clearly based its position on the uncontradicted medical evidence and followed the ALJ's lead in doubting Townsend's credibility. The diagnosis of personality disorder from the Toledo State Hospital Center took place at least four years before Townsend claimed the onset of disability due to physical seizure disorders. There is nothing in the record demonstrating the disability of Townsend at the time; he even continued to seek as well as to find employment. The ALJ's finding of disability due to mental disorder lacks support and any medical basis in the record.

For the reasons indicated, whether or not the *Newsome* standard were applicable, the Secretary's denial of disability insurance benefits for claimant Townsend is accordingly

AFFIRMED.

KRUPANSKY, Circuit Judge, concurring specially.

I am in accord with the results of the majority opinion affirming the Secretary's denial of disability benefits for claimant. However, I write separately to express my view that this circuit's previous pronouncement in *Beavers v. Secretary*, 577 F.2d 383 (6th Cir.1978) does not directly conflict with the more recent case of *Newsome v. Secretary*, 753 F.2d 44 (6th Cir.1985).

Initially, I acknowledge that *Beavers* and *Newsome* both addressed the Appeals Council's *sua sponte* review of an a.l.j.'s award of benefits. The specific issue in *Newsome* was one of first impression, to wit, whether the Secretary violated her own regulation, 20 C.F.R. § 404.970, by a *sua sponte* review of an a.l.j.'s decision; whereas the *Beavers* court never con-

sidered the impact of § 404.970. Rather, *Beavers* simply enunciated the general principle of law that the "statutorily-mandated deference to findings of fact runs in favor of the Secretary." 577 F.2d at 386. In sum, since *Newsome* delineated the ramifications of § 404.970 on this court's standard of review when the Appeals Council's reversal of an a.l.j.'s decision is challenged, I forsee no difficulty in *Beavers* and *Newsome* co-existing in this circuit.

In addition, I suggest that since the outcome of the instant case would be the same irregardless of whether the *Beavers* or *Newsome* standard is applied, the language in the majority opinion as to the alleged conflict between these two cases will confuse rather than assist in the resolution of future cases. Otherwise, I concur in the result.