791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MACK JOHNSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 84-3941
 United States Court of Appeals, Sixth Circuit.
 4/15/86
 
 AFFIRMED
 N.D.Ohio
 ORDER
 BEFORE: KRUPANSKY, GUY and BOGGS, Circuit Judges.
 
 
 1
 Plaintiff appeals pro se from the order affirming the Secretary's denial of Social Security disability benefits. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff is a thirty-four year old man with a high school education and one year of college. He has past work experience as a drug abuse counselor, office worker and telephone salesperson. Plaintiff alleges disability due to back pain resulting from an operation for scoliosis performed in 1967 when he was sixteen. His application for disability benefits was denied initially and on reconsideration. A hearing was held before an Administrative Law Judge on January 11, 1983. Plaintiff was represented by an attorney. The ALJ determined that plaintiff was impaired by his back condition, but his allegations of pain were not credible, his impairment did not prevent him from performing his past relevant work, and he was not disabled. Plaintiff appealed the decision to the district court and the case was referred to a magistrate for report and recommendation. The magistrate directed the plaintiff to file a motion for summary judgment, but plaintiff instead filed two motions for remand on the grounds that the ALJ failed to consider plaintiff's subjective complaints of pain. The magistrate reviewed the administrative record and recommended denying the motions to remand and affirming the Secretary's denial of benefits. The district court adopted the magistrate's report and recommendation and dismissed the complaint. We affirm.
 
 
 3
 Appellate review of the Secretary's decision to deny benefits is limited to determining whether there is substantial evidence on the record as a whole to support the findings. Richardson v. Perales, 402 U.S. 389 (1971). In making this determination, the court must take into account whatever in the record fairly detracts from the weight of the evidence supporting the decision. Richardson v. Secretary of Health & Human Services, 735 F.2d 962 (6th Cir. 1984). The burden is on the claimant to establish that he suffers from a disability as defined in the act. Barney v. Secretary of Health & Human Services, 743 F.2d 448 (6th Cir. 1984). A disability is defined as a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. Sec. 423(d)(1)(A). An individual is disabled only if his physical or mental impairments are of such severity that he is unable to engage in his previous work or any other work which exists in the national economy. 42 U.S.C. Sec. 423(d)(2)(A).
 
 
 4
 Plaintiff argues on appeal that he is entitled to benefits because of his back pain. Plaintiff's testimony at the hearing was accurately summarized by the ALJ as follows:
 
 
 5
 The claimant testified that he was born on April 15, 1951, and that he is 31 years of age; that he graduated from high school and attended college for a year; that he has worked as a drug counselor, in telephone sales of household goods, and as temporary office help. He stated that he last worked in February of 1982. He stated that when he was 16 years old he was knocked unconscious while playing basketball; and some time thereafter, he noted that his body was growing to the side and that his spine was growing crooked. He thereupon went for examination to Cleveland Metropolitan General Hospital and on June 28, 1967, underwent an operation involving the insertion of Harrington Rods and a spinal fusion. The claimant stated that these rods have caused him discomfort since their insertion and that he was told that he would simply have to live with that pain. He said that because of the back pain he could walk only three to four blocks; that he could stand for only 15 or 20 minutes, sit for periods of no longer than one hour, that he could not life objects weighing more than 15 to 20 pounds and that he is incapable of bending. The claimant stated that he occasionally took some unidentified kind of pain pills, that he occasionally swept the floor, that he could drive but has neither a car nor a driver's license, that he goes to the movies, has friends, but that he does not go grocery shopping. He said that he lives with his father and brother.
 
 
 6
 The claimant alleged 'disability' since March 11, 1982, on the basis of chronic back pain (Exhibit 1).
 
 
 7
 In a Vocational Report, dated June 8, 1982, the claimant stated that he had worked as a telephone sales person, selling household goods to handicapped individuals; that he had worked for a temporary employment agency, being sent to customer offices and doing light office work; and had worked as a drug counselor, whose chief responsibility was interviewing clients (Exhibit 9).
 
 
 8
 In the Reconsideration Disability Report dated July 7, 1982, the claimant reported that his injury had no effect on his ability to care for his personal needs and he went on to state, 'I just need some financies (sic)' (Exhibit 11.)
 
 
 9
 Plaintiff's medical evidence does not support his claims of pain. The ALJ accurately summarized the medical evidence as follows:
 
 
 10
 The claimant was hospitalized at Cleveland Metropolitan General Hospital from June 22, 1967, to August 12, 1967. On the basis of the diagnosis of thoracolumbar scoliosis extending from T-5 to L-4, he underwent an operation on June 28, 1967, involving spinal fusion from T-5 to L-2 and the insertion of two Harrington Rods. Postoperatively, he did very well. He had received three or four units of blood during the time of the surgery and was anemic postoperatively, so he was placed on oral iron and his hematocrit improved remarkably well. On August 8, 1967, he was placed in a body cast and four days later released from the hospital. His follow-up visits to the Scoliosis Clinic of the hospital during the next year showed a normal recovery. A thoracolumbar spine film on December 16, 1968, was reported to show a mild degree of scoliosis of the thoracic spine with convexity to the right. (Exhibit 14).
 
 
 11
 On a number of occasions, late in 1981, the claimant was examined at St. Luke's Hospital because of his chronic back pain. Dr. Muehrcke examined the claimant and found that he had limitation of spinal mobility secondary to surgery and the spinal fusion. Dr. Muehrcke also found that the claimant's weight carrying capacity was reduced due to the same reasons. (Exhibit 17).
 
 
 12
 Dr. Cahill, of the St. Luke's Hospital staff, also found that the claimant had limitation to extremes of spinal movement due to residual scoliotic deformity and fixation of the spine secondary to the surgery for scoliosis. Dr. Cahill stated that x-rays showed that the rod devices were in good position, and alignment and scoliosis partially corrected as expected. (Exhibit 19).
 
 
 13
 While at St. Luke's Hospital, the claimant complained of a sharp nonradiating pain that did not interfere with movement. The diagnosis at St. Luke's Hospital was chronic back pain, and Roboxitol #40 was prescribed. (Exhibit 15).
 
 
 14
 On June 10, 1982, the claimant was examined by Dr. Robert Mark Fumich, orthopedic surgeon. The chief complaint was persistent back pain, but no associated leg pain or numbness. Examination showed the claimant to be a 6 foot tall 150 pound male; he ambulated full weight bearing without any ambulatory aid, with a normal gait. There was no heat, redness, swelling or thickening in any joints. He had flexion to 80 degrees, coming within one and one-half feet of touching the floor; he had 10 degrees of extension, and 20 degrees of lateral bending. Straight leg raising was negative at 80 degrees, accompanied by tight hamstrings. There were no motor weaknesses; there was no atrophy; his motion was equal, normal and painless; leg lengths were equal; toe gait was normal; heel gait was normal; there was no sciatic notch tenderness; he had excellent upper extremity strength; and had a slightly exaggerated lordosis. His appearance indicated a good nutritional status. The lumbar spine films were totally unremarkable, with good preservation of disc space and vertebral height. Thoracic spine films showed two Harrington Rods, one on the left from L2-T5 and one on the right from T11 to T7. Dr. Fumich noted that it appeared that claimant had a spinal fusion for scoliosis which had healed well and that the rods were in good position. (Exhibit 16).
 
 
 15
 Subjective testimony of pain cannot be summarily rejected and must be considered with the other evidence. Townsend v. Secretary of Health & Human Services, 762 F.2d 40 (6th Cir. 1985). However, the ALJ is not required to credit the claimant's testimony of pain. Id. Although pain alone can be disabling, a claim of disabling pain must be supported by objective medical evidence. See Hurst v. Secretary of Health & Human Services, 753 F.2d 517 (6th Cir. 1985); King v. Heckler, 742 F.2d 968 (6th Cir. 1984); McCann v. Califano, 621 F.2d 829 (6th Cir. 1980); Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975). The ALJ found that plaintiff's complaints of pain were not credible. It is the ALJ's function to make credibility determinations, which will not be overturned on appeal if supported by substantial evidence. See Kirk v. Secretary of Health & Human Services, 667 F.2d 524 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). There is substantial evidence in this case to support the ALJ's finding of no disability.
 
 
 16
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).