793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL S. BETTIS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 84-6098
 United States Court of Appeals, Sixth Circuit.
 5/14/86
 
 AFFIRMED
 E.D.Tenn.
 ORDER
 BEFORE: ENGEL, CONTIE and RYAN, Circuit Judges.
 
 
 1
 Michael S. Bettis has filed this pro se appeal from the district court's order granting judgment on the pleadings to the Secretary and dismissing this Social Security disability and supplemental security income case. Bettis' current applications for benefits were filed on August 18, 1983, and were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge on April 23, 1984, at which Bettis appeared without counsel. The ALJ denied benefits on May 25, 1984 and, on July 10, 1984, the Appeals Council denied review. Bettis then filed a pro se complaint in the district court, which was dismissed on November 30, 1984. Bettis timely filed his notice of appeal. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellate review of the Secretary's decision to deny benefits is limited to a determination whether there is substantial evidence in the record to support the findings. LeMaster v. Weinberger, 533 F.2d 337 (6th Cir. 1976); Wokojance v. Weinberger, 513 F.2d 210 (6th Cir.), cert. denied, 423 U.S. 856 (1975). Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971) quoting Consolidated Edison v. N.L.R.B., 305 U.S. 197, 229 (1938). The burden is on the claimant to establish that he suffers from a disability as defined in the act. Barney v. Secretary of Health & Human Services, 743 F.2d 448 (6th Cir. 1984). Disability is defined as an inability to engage in any substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. Sec. 423(d)(1)(A). A person is disabled only if his physical or mental impairments are of such severity as to render him unable to engage in his previous work or any other work which exists in the national economy. 42 U.S.C. Sec. 423(d)(2)(A).
 
 
 3
 At the time of the hearing, Bettis was 35 years old, divorced, and was residing with his brother, who was rated 100% disabled by the Veterans Administration, and who was receiving Social Security disability benefits. Bettis has a high school education plus three years of business college. His employment history includes working for a sugar mill and in a supermarket between high school graduation and his enlisting in the Marine Corps on May 11, 1967. After his discharge in March, 1970, Bettis worked as a fit up mechanic and welder for eight years (from May, 1970, until June, 1978); he also worked as a short order cook, and as a security guard. He was fired from his job as a security guard because he failed to report to work one day without calling in. His employer gave him another chance; he worked for two days and quit. Bettis was injured in combat in Vietnam by shrapnel which entered his right hip, back and left wrist. He was rated 10% disabled by the Veterans Administration and he receives disability benefits.
 
 
 4
 Bettis' disability complaint in this case is that because of his back condition (caused by the remaining shrapnel) he is in constant pain and is unable to work. He claims he has less pain when he is not working and he has to take more medication when he is working because of the increased pain. The only medication he was taking at the time of the hearing was Naproxen. Subjective complaints of pain cannot be summarily rejected but must be considered along with other evidence. Townsend v. Secretary of Health & Human Services, 762 F.2d 40 (6th Cir. 1985). The ALJ considered Bettis' complaints of pain and found that they were not totally credible. He noted that at the hearing he observed that Bettis sat comfortably, responded easily to questions, and did not evidence signs of pain, discomfort, distraction or impaired ability to concentrate. Also, Bettis testified at the hearing that he can walk a short distance without pain, he goes out dancing occasionally, and he can do certain prescribed exercises involving raising and lowering his legs while lying on his back. It is the function of the ALJ to determine the credibility of witnesses and such determinations will not be overturned on appeal if supported by substantial evidence. Kirk v. Secretary of Health and Human Services, 667 F.2d 524 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).
 
 
 5
 The medical evidence in the record consists of reports and records from the Veterans Administration Outpatient Clinics where Bettis has been seen by several physicians on an episodic basis. This evidence was very carefully and thoroughly reviewed by the district court which concluded that there is substantial evidence in the record to support the decision of the Secretary that Bettis is not disabled within the meaning of the Social Security Act.
 
 
 6
 Having carefully examined the district court record and the administrative record, this Court finds that the district court correctly decided that Bettis is not disabled within the meaning of the Act, that he is not entitled to benefits, and that the decision of the Secretary must stand.
 
 
 7
 Accordingly, it is ORDERED that the judgment of the district court is affirmed for the reasons set forth in the district court's order of November 30, 1984. Rule 9(d)(3), Rules of the Sixth Circuit.