Hollis McCANN, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and Welfare,
Defendant-Appellee.

No. 78–3120.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 12, 1980.

Decided May 22, 1980.

Frank J. Neff, Barkan, Barkan & Neff,
Columbus, Ohio, for plaintiff-appellant.

James C. Cissell, U. S. Atty., Joseph E.
Kane, II, James E. Rattan, Asst. U. S. At-
tys., Columbus, Ohio, for defendant-appel-
lee.

Before WEICK, Circuit Judge, and
PHILLIPS and PECK, Senior Circuit
Judges.

WEICK, Circuit Judge.

Plaintiff-Appellant Hollis McCann has appealed to this court from an order of the District Court granting defendant's motion for summary judgment and affirming the denial by the Secretary of Social Security disability insurance benefits to McCann.

McCann filed his application for disability insurance benefits on March 27, 1973, alleging that he became disabled on January 23, 1972, at age 33, by a nervous disorder and a pinched nerve in his back. He sustained the injury to his back on December 22, 1971, although he continued to work as late as the first week of August 1973, which was after he filed his application for benefits. His application was denied initially and upon consideration by the Bureau of Disability Insurance of the Social Security Administration. His request for a de novo determination by an Administrative Law Judge (A. L. J.) was granted and the A. L. J. conducted a hearing on January 20, 1975, at which McCann, a medical adviser, and a vocational expert testified. The A. L. J. issued his recommended decision denying McCann's application on June 12, 1975. The Appeals Council adopted the recommendation of the judge denying benefits as the final decision of the Secretary on November 13, 1975. McCann then filed the present action in the District Court to review the decision of the Secretary. The District Court, on motion of the Secretary, remanded the case and the Secretary in turn remanded to the A. L. J. who held a hearing on November 17, 1976, at which McCann, a medical adviser, and a vocational expert testified. On November 26, 1976, the A. L. J. issued a recommended decision different from and inconsistent with his initial decision, and found that McCann was disabled within the meaning of the Act. The Appeals Council did not adopt the recommendations of the A. L. J. and found from a consideration of all the evidence that McCann was not totally and permanently disabled and that his impairments have not prevented him from performing substantial gainful work during the period of his insurance coverage and he was not under a "disability" at any time prior to the expiration of said coverage. The Appeals Council found that McCann by reason of his ailments, was not precluded from performing work as a stock clerk, assembler or machine shop operator and by his own statements also has the ability to do carburetor repair work.

In its Memorandum Opinion and Order the District Court discussed the relevant medical evidence. He stated:

There is no clinical test, or diagnostic evidence supporting a finding of a severely disabling back condition. Some examining physicians have found marked muscle spasm in the lumbar area. There is no evidence of neurological deficit or weakness. X-rays have been uniformly normal. A lumbar myelogram and an EMG were both normal. Clinical examinations have found a basically normal range of motion in all joints. There is no atrophy and no muscle weakness. The clinical diagnosis is lumbosacral sprain. Similarly, there is little or no evidence of a disabling or even substantially impairing psychiatric condition. The administrative law judge noted that plaintiff "spoke softly, quivered, [and] appeared haggard." On December 4, 1973, Dr. Karl W. Kumler reported that plaintiff "related that he has hard severe nervous problems [and that] at times his hands began shaking in an uncontrollable manner." Dr. Kumler himself observed that plaintiff had a "dull affect" and that he was "obviously . . . greatly disabled by his nervous condition." Dr. Kumler was the only examining physician to note a dull affect. All other persons who have mentioned his appearance have noted a normal affect.

On February 19, 1974, Dr. Eugene W. Green reported that plaintiff described his "nerves" as "pain in my back." Plaintiff had a fiancee with whom he had made a very good social and sexual adjustment. He visited his children, parents, or relatives on weekends. Plaintiff maintained an active social life. He especially enjoyed playing cards with his friends. He described his sleep to Dr.

Green as good. There were no external signs of tension or depression. Dr. Green diagnosed an anxiety reaction manifested by concern for his court problems.[1]

On April 4, 1974, Dr. Beryl M. Oser reported that plaintiff suffered from "tremors, depression and anxiety." In his brief note, Dr. Oser did not describe these conditions. He made no mention of psychiatric symptoms in a March 21, 1972 report. He is an internist, not a psychiatrist.

On May 3, 1974, Dr. Saim Giray, a psychiatrist, reported that plaintiff related being in constant pain which makes him extremely nervous. Dr. Giray could find no evidence of any major psychological problem. He found plaintiff to be "presently compensated and controllable in his anxiety."

On June 22, 1976, Dr. Henry D. Rocco, an orthopedist, reported that on examination plaintiff was "very nervous and anxious." Dr. Rocco diagnosed a "psychophysiological muscle skeletal disorder."

On September 13, 1976, Dr. George A. Perrine, Jr., stated that on examination plaintiff was "a somewhat tremulous but otherwise healthy appearing and well muscled slender white male." Finally, in his November 16, 1976 report, Dr. David B. Halley said that plaintiff related that he was "nervous and shaky." Dr. Halley himself made no direct observation.

At the first hearing before the administrative law judge in January, 1975, plaintiff stated that he suffered from "nerves." He did not elaborate. At the second hearing before the administrative law judge plaintiff, who was represented by counsel, testified that he had had a hard time sleeping. He is able to take care of his personal hygiene and can dress himself. He prepares some of his own meals. He is able to live without apparent difficulty in a two-story apartment. Up until a year ago, he had been able to drive 100 miles a week. At the time of the second hearing, he had not been driving. He spent his time reading books, watching T.V., listening to his radio, and listening to his stereo. He had visitors.

■ Counsel for McCann questions the propriety of the Appeals Council rejecting the findings and credibility assessments made by the A. L. J. particularly those not crediting the testimony of McCann with respect to his suffering pain. He argues that the A. L. J. who conducted the hearing had the opportunity to observe the demeanor of McCann which the Appeals Council did not.

First, it will be observed that the A. L. J. merely made recommendations to the Appeals Council which recommendations were not adopted.

Second, the recommendations made by the A. L. J. were inconsistent with and conflicted with the recommendations made by the same A. L. J. at the initial hearing where the A. L. J. found that McCann was not disabled and denied his application for disability insurance benefits, which recommendation the Appeals Council adopted.

Third, the Appeals Council found that McCann did suffer some pain but held it was not supported by the required clinical and diagnostic evidence. *Graves v. Secretary of Health, Education and Welfare*, 473 F.2d 807, 810 n. 6 (6th Cir. 1973).

The Appeals Council recognized that McCann could not resume his former occupation and that the Secretary had the burden of proving and that he did prove that McCann could nevertheless engage in substantial gainful activity. The District Court agreed.

■ The fact that McCann was granted Workmen's Compensation benefits was not determinative. Social Security Regulation No. 404.1525.

Reliance by counsel for McCann on *Noe v. Weinberger*, 512 F.2d 588 (6th Cir. 1975); *Glass v. Secretary*, 517 F.2d 224 (6th Cir. 1975) and our recent decision in *Beavers v. Secretary of Health, Education and Wel-*

---

1. He was then involved in a divorce proceeding; and an OMVI charge was pending against him. These proceedings have now been terminated.

*fare,* 577 F.2d 383 (6th Cir. 1978) is misplaced as the facts in the present case are entirely different from the facts in those cases and compel a different conclusion.

For example, in *Beavers,* the decision of the Appeals Council to reject the A. L. J.'s findings was based in crucial part on its determination of the claimant's credibility whereas in the present case, the Appeals Council's declination to accept the recommendations of the A. L. J. was based on the fact that the A. L. J. reached an erroneous conclusion. In the present case, the Appeals Council did not dispute the fact that McCann was suffering from some pain. It held that McCann did not prove that his pain was caused by the required clinical and diagnostic evidence.

Furthermore, unlike *Beavers* where the Appeals Council was reviewing only a single decision of an A. L. J., in the present case, the Appeals Council was reviewing a decision of an A. L. J. which was inconsistent with and conflicted with a prior decision of the same A. L. J. in the same case which prior decision the Appeals Council had adopted.

In addition, the present case involved only a relatively minor injury, whereas in *Beavers* a bullet had lodged in Beavers' spine and he had metal clips from an operation performed for the removal of his left kidney and spleen which were damaged by the gun shot. Beavers was also suffering from a severe curvature of the spine, degenerative disc disease and from arthritis. Beavers had only a sixth grade education and no training in any skill or craft.

 In our opinion, the Secretary had the right to and did resolve conflicting medical testimony which is not our function. We also hold that the decision of the Secretary is supported by substantial evidence. The decision of the District Court is correct.

The judgment of the District Court is affirmed.