**William O. FOSTER, Plaintiff,**

v.

**Patricia HARRIS, Secretary, of Health and Human Services, Defendant.**

**No. C–3–79–197.**

United States District Court, S. D. Ohio, W. D.

Nov. 4, 1981.

Steven B. Horenstein, Bruce I. Nicholson, Dayton, Ohio, for plaintiff.

Joseph E. Kane, Columbus, Ohio, for defendant.

DECISION AND ENTRY ADOPTING REPORT OF MAGISTRATE IN ITS ENTIRETY; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OVERRULED; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SUSTAINED; JUDGMENT TO DEFENDANT; ENTRY OF JUDGMENT; TERMINATION ENTRY

RICE, District Judge.

I. *Introduction*

This matter is before the Court pursuant to Plaintiff's objection, under 28 U.S.C. § 636(b)(1)(C), to the Magistrate's recommendation that Defendant's motion for summary judgment be granted. A synopsis of the history of this case is set forth below.

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on February 22, 1978, alleging that he had been disabled since July 27, 1974, due to lower back pains and emotional problems. The claims were denied initially and upon reconsideration by the Social Security Administration, whereupon Plaintiff requested a hearing. On January 24, 1979, a hearing was held before an Administrative Law Judge (ALJ), before whom Plaintiff appeared with his attorney. In addition, the ALJ received testimony from Howard L. Caston, a vocational expert. On February 16, 1979, the ALJ rendered a decision finding that Plaintiff had been under a disability since October 31, 1977, and was entitled to benefits commencing on that date. However, the ALJ further held that Plaintiff was not entitled to benefits for the period between July 27, 1974, and October 31, 1977, for reason that while Plaintiff's medical impairments prevented him from engaging in his previous work, he was able to engage in other substantial gainful work during that period. Plaintiff then requested review by the Appeals Council of the latter holding of the ALJ, and the Council affirmed the ALJ's decision on April 26, 1979.

On May 14, 1979, Plaintiff filed his complaint with this Court, seeking judicial review of the administrative decision. The matter was referred to the U.S. Magistrate on May 16, 1979, pursuant to 28 U.S.C. § 636(b)(1). Upon cross motions for summary judgment, the Magistrate, in a "Report and Recommendation" dated July 31, 1980, recommended that the motion for summary judgment by Plaintiff be denied and that the motion for summary judgment by Defendant be granted, for the reason that the Secretary's decision was supported by substantial evidence.

Plaintiff then filed a motion to review the Report of the Magistrate on August 6, 1980, pursuant to 28 U.S.C. § 636(b)(1)(C).

## II. *De Novo Review*

In reviewing the decision of the Secretary, the Magistrate's task is to determine if that decision is supported by "substantial evidence." Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Report of the Magistrate, is required to make a *de novo* review of those recommendations of the Magistrate's Report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of fact by the Secretary are supported by "substantial evidence." 42 U.S.C. § 405(g); *Parish v. Califano*, 642 F.2d 188, 189 (6th Cir. 1981). The Supreme Court has stated that substantial evidence means:

> [M]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ To obtain benefits under the Social Security Act, the burden is initially on the claimant to show disability which prevents him from performing his usual work. The disability must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d), 1382c(a)(3). Once the claimant establishes a prima facie case of disability, the burden shifts to the Secretary to go forward with proof that the claimant has residual capacity for substantial gainful employment, and that there are jobs in the national economy which the claimant can perform. *Young v. Califano*, 633 F.2d 469, 470 (6th Cir. 1980); *Slaven v. Harris*, 508 F.Supp. 280, 283 (S.D. Ohio, 1981). To meet this burden, the Secretary must receive evidence to show that the claimant can engage in substantial gainful work in light of the claimant's age, education, work experience, and physical condition. 42 U.S.C. § 423(d)(2)(A). The preferred method of receiving such evidence is through the testimony of a vocational expert. *O'Banner v. Secretary of Health, Education & Welfare*, 587 F.2d 321 (6th Cir. 1978).

The evidence shows that Plaintiff is fifty-eight years old, divorced, and worked at a variety of jobs between the early 1950's and 1975 which involved the moving and lifting of heavy objects. (T. 185–200). He has experienced lower back pain since the early 1970's, and has drank heavily since 1971, the year of his divorce, although he has not received treatment for alcoholism until recently. (T. 218–229). Plaintiff was only intermittently employed in 1975 and 1976 with his usual work and quit those jobs due to back pain. He broke a vertebrae in his back in October of 1977 and has been unable to work since then. (T. 200–215).

In his decision, the ALJ held that Plaintiff was disabled since October, 1977, but was not entitled to benefits for the period before that time. Plaintiff had argued that his disability began on July 27, 1974, the date of a psychological exam by Dr. Tangeman. In a report dated August 8, 1974, Dr. Tangeman noted that Plaintiff had scored in the "dull-normal" range on a variety of intelligence tests, had visual motor and emotional problems, was nervous and seemed "burnt out." (T. 128–131).

The report concluded that Plaintiff was limited to unskilled manual labor that did not require coordination or dexterity. Plaintiff argues that his back problems prevented him from engaging in such labor and that, as a result, he was unable to work between 1974 and 1977.

The ALJ disagreed with this argument, finding the Tangeman report not to be persuasive, and that the reports of other doctors in 1973 and 1974 indicated that Plaintiff's physical and emotional problems were not so great as to prevent him from being employed. (T. 14–16). For example, a report by Dr. Levison stated that Plaintiff was of "normal" mental status and that while he suffered from chronic low back strain, he had no shaking or other neurological abnormalities. (T. 100). Similarly, a report by Dr. Serbin stated that Plaintiff's complaints concerning knee pain were

"completely out of keeping with [objective] findings" and he concluded that Plaintiff, even with some back pain, could tolerate light to sedentary work. (T. 101–102). Reports by Drs. Mullens (T. 99), McNelly (T. 126–127), and French (T. 132–136), were consistent with these findings. In addition, the ALJ discounted two very brief letters from the Drew Comprehensive Neighborhood Health Center dated June and August of 1973, which simply stated that Plaintiff was "disabled for work." (T. 176–177).

However, the ALJ did find that, after 1974, Plaintiff could not perform his usual work, thus shifting the burden to the Secretary to show that other work was available. Relying principally on the testimony of Mr. Caston, the ALJ concluded that Plaintiff could have performed light, sedentary work available in southwestern Ohio between 1974 and 1977. (T. 16–17).

Upon cross motions for summary judgment, the U.S. Magistrate in his Report recommended that Plaintiff's motion be denied and Defendant's motion be granted, holding that the findings of fact and the conclusions of the ALJ were supported by substantial evidence. (Magistrate's Report at 5–6). Upon reviewing all the evidence in the record, this Court is in agreement with the recommendation of the Magistrate.

Plaintiff raises two principal objections to the Magistrate's Report, to wit: the ALJ did not give sufficient weight to Dr. Tangeman's report, and the ALJ improperly phrased a hypothetical question to the vocational expert. Both objections are without merit.

With respect to the first objection, Plaintiff argues that Dr. Tangeman was the only "specialist" qualified to diagnose psychiatric problems and that his conclusions were supported by medical evidence. While the other doctors who filed reports were in general practice, rather than a "speciality," there is nothing in the record to suggest that they were not as qualified as Dr. Tangeman to render opinions on Plaintiff's medical condition. Plaintiff's disability claim was not predicated exclusively on psychiatric problems, the speciality of Dr. Tangeman.

Moreover, Dr. Tangeman's report is not entirely conclusive in this regard as Plaintiff would suggest. Based on the battery of tests, Dr. Tangeman concluded that Plaintiff suffered from some "rather significant personal problems," but admitted that Plaintiff did not "verbalize such [problems]" and that he, Dr. Tangeman, "would have *some* concern for his overall emotional well-being." (T. 129) (emphasis added).

It is true, as Plaintiff argues, that Dr. Tangeman's conclusions with regard to Plaintiff's physical dexterity and emotional stability at the time were supported by medical evidence, i. e., test results and personal observation. But it is equally true that all the other doctors who examined Plaintiff, both before and after Dr. Tangeman's examination, reached different conclusions, and these latter conclusions formed the basis of the ALJ's decision. The ALJ, in proper circumstances, can give greater weight to the opinion of several doctors as opposed to the contrary opinion of one doctor, *LeMaster v. Weinberger*, 533 F.2d 337 (6th Cir. 1976), and it is not this Court's function on review to resolve conflicts in the evidence. It is only to determine if the Secretary's resolution of said conflict is supported by substantial evidence. *Wokojance v. Weinberger*, 513 F.2d 210 (6th Cir. 1975). Similarly, while pain alone may be disabling, the Secretary is not required to fully credit a claimant's subjective complaints of pain and discomfort if there is not "an underlying medical basis" for them. *McCann v. Califano*, 621 F.2d 829, 832 (6th Cir. 1980). In the instant case, the ALJ could properly conclude that while Plaintiff certainly suffered from some back pain at the time, such pain did not totally prevent him from working at a sedentary job.

With regard to the second objection, Plaintiff argues that the ALJ improperly posed a hypothetical question to the vocational expert. The ALJ first asked Mr. Caston if Plaintiff could work, assuming that Dr. Serbin correctly evaluated Plaintiff's functional capacity and assuming that Dr. Tangeman correctly evaluated Plain-

tiff's emotional status. Mr. Caston answered that, under these assumptions, Plaintiff could not work. (T. 232–233). The ALJ next asked Mr. Caston the same question, but deleted the assumption with regard to Dr. Tangeman's report and replaced it with the assumption that Plaintiff had a normal mental and emotional status. Mr. Caston answered that Plaintiff could perform light, sedentary work. (T. 234–236). In response to a question by Plaintiff's counsel, Mr. Caston added that Plaintiff could have performed such work even if he were an alcoholic. (T. 237–238).

As the Magistrate correctly observes, it was not improper for the ALJ to present two hypothetical questions in this manner. (Magistrate's Report at 5). Rather, Plaintiff objects to the ALJ's reliance on the answer to the second question. As noted above, such reliance was justified when it was not improper for the ALJ to conclude that Dr. Tangeman's report should be given less weight than the reports of the other doctors.

Accordingly, after a review of the entire record, the Court finds that the decision of the Secretary is supported by substantial evidence.

### III. *Conclusion*

Based on the above analysis of facts and legal principles, the Court finds that the objections of the Plaintiff to the Report and Recommendation of the Magistrate are not well taken, and the Court finds that said Report and Recommendation of the Magistrate should be adopted in its entirety. It is so ordered.

Wherefore, based on the aforesaid, this Court overrules the Plaintiff's motion for summary judgment and sustains and grants that of the Defendant, thus granting final judgment in favor of the Defendant and against the Plaintiff herein.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.