755 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANNA R. COLE, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APELLEE.
 NO. 83-3844
 United States Court of Appeals, Sixth Circuit.
 1/11/85
 
 On Appeal from the United States District Court for the Southern District of Ohio
 BEFORE: KEITH, KENNEDY and JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from a district court order affirming the Secretary's denial of disability insurance benefits under Section 216(i) of the Social Security Act and denying appellant's motion for remand to consider additional evidence. Appellant filed an application for benefits on March 9, 1979, alleging that she became unable to work on June 26, 1978 due to disabling pain from injuries suffered in a car accident that year. The application was denied initially and on reconsideration. After a hearing before an Administrative Law Judge (ALJ), the Secretary's decision was again affirmed.
 
 
 2
 On appeal to the district court, appellant submitted motions for summary judgment and remand for consideration of additional medical evidence. After reviewing the record, the district court denied both motions and affirmed the Secretary's denial of benefits. We reverse and remand for an award of benefits.
 
 
 3
 At the time of the administrative hearing, appellant was 43 years old with a seventh grade education. She had worked 24 years on General Motors' assembly line, operating nail machines and later passing out tools and assigning work as a group leader. Both jobs required appellant to stand most of the day, and periodically climb, twist and bend. Appellant has not worked since June 23, 1978.
 
 
 4
 At the hearing, appellant testified that in 1978, she injured her tailbone and lower back in an automobile accident. She complained of severe chronic pain in her lower back which radiates to her legs, compels her to lie down most of the day and precludes most physical activities. Appellant cannot sustain any upright position without difficulty. Appellant reported not being able to sit for more than a half hour or stand for more than an hour before she must lie down. Sitting positions require appellant to stand to relieve the pressure on her tail bone. She presently takes pain killers and medicine for ulcers.
 
 
 5
 Appellant stated that any attempt to work when the pain temporarily subsides causes the pain to return. She testified that she spends her days lying down with a heating pad, reading or watching television. Appellant's daughter keeps house for her. In addition to the chronic pain, appellant reported frequent vomiting, difficulty sleeping, smothering spells and involuntary crying. The pain, appellant testified, has increased since the accident in 1978.
 
 
 6
 Appellant has undergone several medical and psychological examinations. None of the medical doctors treating appellant's physical symptoms could find an underlying physical cause for her severe pain. In May 1980, appellant's family physician, Dr. Rodney D. Warner, treated appellant for several ailments, including lower back pain, respiratory and stomach problems, heart flutter, headaches and smothering spells. He concluded that appellant was a 'very highly neurotic, anxious' individual who would not be able to resume work. Jt. App. at 147. Dr. McClellan, another examining physician, reported in May, 1979 that appellant had no limitation of motion, no muscle atrophy and no apparent organic basis for lower back pain. He explained to appellant that she would have to live with her pain and concluded she should return to light work. Jt. App. at 119.
 
 
 7
 Chiropractor Robert Penrod, in a letter dated June 18, 1979, diagnosed appellant's condition as facet syndrome and ps eudospondylolisthesis resulting in chronic irritation of her tailbone. Her impairments, he concluded, had resulted in a 25% permanent disability.
 
 
 8
 Dr. I. T. Hernandez concluded from appellant's medical history that she suffered from back pain and chronic anxiety neurosis. Jt. App. at 125. Dr. Hernandez concluded that appellant's impairments did not significantly restrict her functional capacity and that in his opinion disability was not established. Jt. App. at 74, 77.
 
 
 9
 Dr. Hullinger submitted the last primarily physical evaluation of appellant's condition. He noted marked tenderness on appellant's tailbone but discounted her complaints of pain. Dr. Hullinger concluded appellant should be working. Jt. App. at 148-149.
 
 
 10
 Two psychological evaluations of appellant were submitted by John E. Riley, Director of the Psychological Services Center of the University of Dayton, and Dr. Moronell, a psychiatrist. Dr. Riley diagnosed appellant's condition as severe psychophysiological reaction. He concluded from clinical tests that her symptoms were typical of others suffering from this involuntary disorder, and that the combination of her emotional and physical disabilities rendered her totally disabled. Jt. App. at 135-138.
 
 
 11
 Dr. Moronell also diagnosed appellant's condition as a psychophysiologic disorder, and indicated its manifestation in appellant's musculoskeletal system. Jt. App. at 162. He noted in a report dated June 17, 1980 that due to her pain, appellant had to stand during the examination. Jt. at App. 161. He also noted appellant's perception of severe pain and the stress it appeared to cause her. Jt. App. at 162. Dr. Moronell found nothing abnormal in appellant's mental profile. Her associative trends and the organization of her thought process were normal. Moronell found her alert and correctly oriented in three spheres. Id. In a supplemental questionnaire about claimant's residual functional capacity, Dr. Moronell indicated that on the basis of his psychiatric examination, she had mild impairment of her ability to relate to others, no limitation in her ability to comprehend and follow instructions, moderate limitation of her ability to perform work requiring frequent contact with others, moderate limitation in her ability to perform work where contact with others would be minimal, and no limitation in her ability to perform simple, complex, repetitive, or varied tasks. Jt. App. at 163-164. However, Dr. Moronell indicated that appellant's psychophysiologic disorder seriously affected her ability to function in daily activities. Jt. App. at 163.
 
 
 12
 After the ALJ hearing, appellant was seen by Dr. J. Stephen Vizzard, Ph.D., Program Director of the Miami Valley Hospital Pain Center and a specialist in pain and stress management. The district court refused to consider Dr. Vizzard's evaluation of appellant or remand to the ALJ for consideration of the new evidence. The court determined Dr. Vizzard's report was cumulative and that appellant had failed to show good cause why the record should be supplemented after the hearing.
 
 
 13
 The ALJ concluded that appellant's psychiatric problems should not interfere with her ability to work and that the medical evidence did not indicate a level of pain severe enough to preclude appellant from performing basic work-related functions. Jt. App. at 14. The ALJ determined that Drs. McClellan and Hullinger stated appellant could return to work, and that psychiatrist Moronell found no mental impairment which would preclude her from engaging in substantial activity. Id. The ALJ believed appellant was sincere in her reports of pain, but he concluded that appellant's impairments must be mild to moderate in severity because the medical evidence showed no medically determinable impairment which significantly limited her ability to perform basic work related functions. Id. Appellant's condition, therefore, was not 'severe' as defined under 20 C.F.R. 404.1504(a) and precluded a finding that she was disabled under the Act. Id.
 
 
 14
 Our review of the Secretary's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the Secretary's decision. 'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . .' 42 U.S.C. Sec. 405(g) (1976). Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In determining whether the evidence is substantial we must "take into account whatever in the record fairly detracts from its weight," Beavers v. Secretary of H.E.W., 577 F.2d 383, 387 (6th Cir. 1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)), but must consider the record as a whole. Hephner v. Matthews, 574 F.2d 359, 362 (6th Cir. 1978).
 
 
 15
 In this case, substantial evidence exists to support the Secretary's conclusion that appellant suffers from no discernible physical impairment. Substantial evidence also supports the conclusion that appellant's mental impairments do not warrant an award of benefits. However, in our review of the record, we find a consistent failure to consider appellant's psychophysiological problems as the underlying cause of her severe physical pain. We conclude the Secretary's decision is based on improper evidence and affirmed on the basis of erroneous findings. We also find no substantial evidence exists to support the conclusion that appellant is not disabled by a psychophysiological disorder which produces severe pain.
 
 
 16
 The Social Security Act requires that an impairment be established by medically acceptable clinical and diagnostic techniques. 42 U.S.C. Sec. 423(d)(3). This Circuit has long recognized that subjective allegations of pain do not require the support of physically discernible causes in order to be found disabling. Branham v. Gardner, 383 F.2d 614, 628-29 (6th Cir. 1967); Walston v. Gardner, 381 F.2d 580, 585 (6th Cir. 1967); Miracle v. Celebreeze, 351 F.2d 361, 374 (6th Cir. 1965). However, such allegations must be attributable to some underlying medical basis. Stamper v. Harris, 650 F.2d 108, 110-11 (6th Cir. 1981); McCann v. Califano, 621 F.2d 829, 832 (6th Cir. 1980); Graves v. Secretary of Health, Education and Welfare, 473 F.2d 807, 810 n. 6 (6th Cir. 1973). The issue in the present case is whether appellant's allegedly disabling psychophysiological disorder is refuted by substantial evidence.
 
 
 17
 The record establishes that Director Riley of the Psychological Services Center of the University of Dayton and psychiatrist Dr. Moronell attribute appellant's pain to a psychophysiological disorder. Jt. App. at 137-38, 162. Although the ALJ had 'no doubt' appellant was sincere in her belief that she suffers severe pain, Jt. App. at 66-67, he rejected Riley's conclusion that appellant's mental disorder renders her disabled and declined to address any psychophysiological findings.
 
 
 18
 The ALJ discounted this evidence on the basis of four conclusions:
 
 
 19
 1. Riley would not know what constitutes a disability under the Act.
 
 
 20
 2. No physical medical evidence supports appellant's allegations of disabling pain.
 
 
 21
 3. The results from the residual functional capacity questionnaire submitted by psychiatrist Moronell indicate appellant can perform substantially gainful work.
 
 
 22
 4. The common experience that lay people regularly understate or overstate their ailments undercuts the significance of appellant's subjective allegations of pain.
 
 
 23
 Jt. App. at 13-14. The ALJ thus concluded that: (1) the medical evidence failed to show appellant 'has any medically determinable impairment . . . which significantly limit[s] her capacity to perform basic work related functions;' (2) appellant suffers from a mild to moderate impairment. Jt. App. at 14. The district court echoed this reasoning. The court found the case to be a close one, but concluded that only Director Riley attributed appellant's pain to a mental disorder. Apellant's Brief, addendum at 6. The court also based its affirmance on findings that the ALJ 'expressly found' appellant's testimony was not credible, and that psychiatrist Moronell determined appellant's mental disorder 'presented very few physical limitations with regard to work.' Id. (emphasis in original).
 
 
 24
 We conclude these findings are clearly erroneous and do not constitute substantial evidence that appellant is not disabled from a psychophysiological disorder. First, as noted above, a medically determinable basis for appellant's subjective allegations of pain was established. Director Riley diagnosed a severe psychophysiological reaction and noted that this disorder usually produces:
 
 
 25
 [P]hysical symptoms and complaints with little demonstrable physical pathology. Frequent pain, depression, irritability, fatigue and somatic over-concern are characteristic as are anxiety and physical tension.
 
 
 26
 [_____] When combined with alleged physical disabilities many individuals become totally incapacitated and fail to function in their normal patterns.'
 
 
 27
 Jt. App. at 137. Director Riley then concluded that the combination of appellant's physical and emotional disorders rendered her totally disabled. Psychiatrist Moronell also diagnosed 'Psychophysiologic Disorder, Musculoskeletal', suggesting that appellant's mental disorder produces physical consequences in her muscular and skeletal systems. Jt. App. at 162. Similarly, Chiropractor Robert Penrod noted that appellant presented 'a classic case of pseudospondylolithesis with resulting chronic irritation of the [tailbone].' Jt. App. at 34. This diagnosis also indicates that appellant manifests the actual physical symptoms of a disease in the absence of objective evidence. See Stedman's Medical Dictionary, 1033, 1181 (3rd Ed. 1974).
 
 
 28
 Second, the district court's finding that psychiatrist Moronell indicated on the residual functional capacity questionnaire that appellant's disorder presented 'very few physical limitations' or obstacles to performing substantial gainful work is clearly erroneous. On the questionnaire, Moronell first indicates that appellant's degree of restriction in daily activities, including housework, was 'Moderately Severe'. Jt. App. at 163. 'Moderately severe' is defined on the questionnaire as 'an impairment which seriously affects ability to function.' Jt. App. at 164. Moronell then suggests that on the basis of appellant's mental abilities alone, she could comprehend and follow instructions, perform work requiring contact with others, carry out simple, complex, repetitive and varied undefined tasks. Jt. App. at 163-164. These latter assessments were not made on the basis of her overall impairment, i.e. physical as caused by psychological, which, according to Moronell, restricts appellant's physical activities to a moderately severe degree. Moronell's assessment of appellant's limited physical capabilities is in accord with that of Director Riley. Both assessments support appellant's testimony that she is physically incapacitated by pain.
 
 
 29
 Third, the absence of a physical basis for appellant's reported pain is not probative of whether her mental disorder causes the same pain. The ALJ never addressed appellant's mental disorder as the underlying cause of her physical pain. He dismissed her psychiatric problems as a separate ailment which was unlikely to 'interfere with her ability to work', and commented on Mr. Riley's psychological and emotional findings without addressing Riley's suggestion that appellant's psychological and physical problems worked in tandem to produce pain. Jt. App. at 14; See also Jt. App. at 137-38.
 
 
 30
 Fourth, the ALJ did not 'expressly' find appellant's testimony was not credible. The ALJ stated that he had 'no doubt' appellant was sincere in believing she suffered pain, Jt. App. at 66-67, but that the lack of objective medical evidence lead him to conclude her pain could not be as great as she believed it to be. Jt. App. at 14.
 
 
 31
 Finally, the ALJ's observations that Riley would not know what constitutes a disability under the Act and that lay people inaccurately assess their ailments are irrelevant to the key questions the forums below failed to address: whether appellant's mental disorder gives rise to the severe and chronic pain she professes to suffer, and whether the pain precludes her from engaging in any substantial gainful activity.
 
 
 32
 We conclude it does. The record establishes that appellant suffers from a severe psychophysiological disorder which is known to cause frequent pain without a discernible physical cause. This diagnosis is based on expert evaluations from specialists in mental disorders. The only medical diagnoses refuting this conclusion are from medical doctors who evaluated appellant on the basis of her physical disorders. None of these doctors is specially trained to treat or recognize psychological disorders, and none practices psychiatry. Expert medical opinion is entitled to weightier consideration than conflicting opinion by non-specialists. See Branham v. Gardner, 383 F.2d 614, 634 (6th Cir. 1967); Hornor v. Schweiker, 568 F. Supp. 775, 777 (E.D. Tenn. 1982). See 20 C.F.R. Sec. 404-1526. We find that the psychiatric diagnoses are controlling in this case.
 
 
 33
 The record also establishes that the physical manifestations of appellant's mental disorder seriously affect her ability to function. Appellant's unrefuted hearing testimony and the reports on her behavior during various medical examinations show that the pain is quite real to appellant, and establish that it sufficiently restricts her physical activities to prevent her from doing her former assembly line work or any other kind of gainful employment. See Jt. App. at 44-60; 134-138, 161.
 
 
 34
 In sum, substantial evidence fails to support the conclusion that appellant suffers no disabling impairment as defined under the Act. We do not find it necessary to address appellant's second argument. Accordingly, the district court judgment is reversed and this case is remanded to the district court with directions to remand to the Secretary for the award of benefits.
 
 
 35
 KENNEDY, Circuit Judge, dissenting.
 
 
 36
 Because I agree with the District Court that there is substantial evidence to support the Secretary's denial of benefits, I dissent. As the majority notes, substantial evidence supports the Secretary's conclusion that appellant suffers from no discernible physical impairment and that appellant's mental impairments do not warrant an award of benefits. The majority holds that her psychophysiologic disorder is, however, a severe impairment.
 
 
 37
 The ALJ discounted appellant's complaints of pain. Dr. C. W. Hullinger's report of April 1980 provides medical support for the ALJ's conclusion. Dr. Hullinger reported that she overplayed her symptoms and complaints, probably on a gain basis. Dr. R. Moronell, a psychiatrist, found that appellant suffered from a psychophysiologic disorder but concluded that it presented only moderate limitations in her ability to work. These reports provide substantial evidence to support the Secretary's finding that appellant has not established that she has a severe impairment.