755 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DONALD WALTERS, PLAINTIFF-APPELLANT,
v.
RICHARD SCHWEIKER, SECRETARY OF HEALTH AND HUMAN SERVICES,
DEFENDANT-APPELLEE.
 NO. 82-3610
 United States Court of Appeals, Sixth Circuit.
 1/11/85
 
 Before: KEITH and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant, Donald Walters, appeals pursuant to 28 U.S.C. Sec. 1291, from the judgment filed September 13, 1982, by United States District Judge John D. Holschuh of the Southern District of Ohio. Walters brought this action under 42 U.S.C. Sec. 405(g) for review of a final decision of the Secretary of Health and Human Services denying his application for social security disability insurance benefits.
 
 
 2
 Appellant filed his application for disability insurance benefits on May 16, 1980, alleging he became disabled August 27, 1979, at age 56, due to arthritis. The application was denied initially and upon reconsideration by the Social Security Administration. Walters requested a de novo hearing before an administrative law judge. The hearing was held on February 16, 1981. On May 22, 1981, the ALJ issued a decision finding that appellant was not disabled within the meaning of the Social Security Act. On September 2, 1981, the Appeals Council denied plaintiff's request for review and adopted the ALJ's decision as the final decision of the Secretary.
 
 
 3
 The decision was subsequently upheld by Judge Holschuh. For the reasons stated below, we affirm.
 
 
 4
 Appellant Walters was born December 24, 1922. He has a high school education and has been gainfully employed for 33 years as a freight clerk. He retired in August 1979 when his job became obsolete and he could not operate a computer because he could type with only one finger and arthritis in his wrist and finger joints caused pain.
 
 
 5
 While appellant was in the Air Force during World War II, he was injured in a January 1945 plane crash. He suffered burns to both of his hands. He underwent surgery and multiple skin grafts. The injuries resulted in permanent scarring and deformities to his fingers. Nonetheless, appellant was able to work. He did not experience any difficulty with his hands and wrists until 1979.
 
 
 6
 In May 1979, he was seen by Dr. Martin Torch, an orthopedic surgeon, who interpreted x-rays to show degenerative changes in the metacarpal phalangeal joints of his right hand which were consistent with osteoarthritis. Appellant's main complaint was persistent tenderness and soreness in his wrists. There was no swelling, and he had a full range of motion in the wrist.
 
 
 7
 On July 16, 1980, Dr. Frederick Elder, a specialist in orthopedic surgery, performed a disability evaluation for the Secretary. Dr. Elder found a slight limitation in the range of motion of both of claimant's wrists but felt that claimant maintained adequate grasp with both of his hands.
 
 
 8
 On January 21, 1981, Dr. Robert Liethart, Walter's treating physician who last examined him in June 1980, reported that Walters had a two-year history of mixed arthritis of the hands, wrists and knees. Dr. Liethart believed that Walters was 'quite limited in [the] use [of his] hands.' He concluded that Walters is '[n]ot able to do anything requiring [the] use [of his] hands for a sustained period.'
 
 
 9
 A Veterans Administration report of a medical examination for a disability evaluation dated January 27, 1981, stated that Walters had 'severe residuals of burns of both hands with extensive scarring and finger disability. However, he has an excellent functional result due to excellent surgical intervention.'
 
 
 10
 Establishment of a disability which would entitle Walters to benefits under the Social Security Act is a two-step process. First, there must be a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months; and second, there must be a factual determination that the impairment renders the claimant unable to engage in any substantial gainful employment. 42 U.S.C. Sec. 423(d)(1)(A), (2)(A); Stille v. Weinberger, 499 F.2d 244 (6th Cir. 1971).
 
 
 11
 It is settled law that the burden of proof rests upon the claimant Walters to establish entitlement to disability insurance benefits under the Social Security Act. Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir. 1978). Walters must be disabled by reason of medically determinable impairment, as evidenced by clinical and laboratory diagnostic findings. McCann v. Califano, 621 F.2d 829 (6th Cir. 1980). His allegations of pain cannot stand alone in the absence of objective medical evidence. Id. Walters is disabled with arthritis if the limitations imposed by it on his mobility, flexion, and bending render him unable to engage in substantial gainful activity. There is substantial evidence in the medical records to indicate that appellant Walters is fully capable of performing substantial gainful activity.
 
 
 12
 Despite the pain in his hands and wrists, Watlers admitted that he performs a number of activities including: woodworking, going to church, grocery shopping, and trail walking. Sleeping, sitting, and standing create no problems. Walters conceded that he may be able to work less than an 8 hour day at a job prescribed by a vocational expert. Nevertheless, Walters believes that his impairment is severe, making him incapable of performing any job.
 
 
 13
 Medical records from 1979 submitted by Dr. Martin Torch indicated that Walters had hand and finger deformity because of old burns sustained in 1945. However, the doctor pointed out that claimant had a full range of motion of the wrist even with some tenderness. Though 'no mention of arthritis was made, x-rays showed degenerative changes in the hands and wrists.'
 
 
 14
 Dr. P.W. Liethart wrote in June 1980 that claimant had traumatic osteoarthritis of the fingers and wrists and was taking Motrin (an arthritis medication) and undergoing physical therapy. His diagnosis that appellant suffered pain in his right wrist and limited motion of the fingers was confirmed by x-rays which showed degenerative changes in Walters' hands and wrists. In July 1980, Dr. Frederick Elder wrote, in a consultative report, that Walters was suffering from pain and swelling in the hands and wrists. Despite this, Dr. Elder found that appellant Walters had adequate hand grasp and only slight limitation of wrist motion. Dr. Elder's diagnosis was also supported by x-rays.
 
 
 15
 A state agency review physician reported that Walters was not severely impaired and was only restricted in fine manipulation and lifting and carrying 20 pounds frequently. The Veterans Adminisration submitted a medical report in which it was noted that Walters retained excellent functional result. The diagnosis was that plaintiff had severe residuals of burns of both hands and a finger disability because of the 1945 accident. No mention of arthritis was made. Based on this evidentiary record, the ALJ concluded that Walters exaggerated the frequency and severity of the pain. This conclusion is supported by the appellant's own statements about the range of his daily living activities, particularly his woodworking hobby.
 
 
 16
 From a review of the record it seems that there is enough 'relevant evidence [for] a reasonable mind to accept as adequate to support [the Secretary's conclusion]' that Walters is able to perform his past work and is therefore not disabled. Richardson v. Perales, 402 U.S. 389, 401 (1971). Accordingly, the ruling of the Honorable John D. Holschuh is affirmed.