765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KATHY EARLES ATCHISON, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-3506
 United States Court of Appeals, Sixth Circuit.
 5/9/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: KENNEDY and MILBURN, Circuit Judges; GUY, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from the decision of the district court affirming the final decision of the Secretary denying her request for disability benefits under the Social Security Act. Because there is substantial evidence to support the Secretary's decision, see 42 U.S.C. Sec. 405(g), we affirm.
 
 I.
 
 2
 Plaintiff, who was twenty-nine years old at the time of the hearing, has a ninth grade education and a GED high school equivalency degree. She is five feet, three inches tall and weighed one hundred ninety (190) pounds at the time of the hearing. Her past relevant work experience includes employment as an automobile refurbisher, barmaid, factory worker and assistant secretary.
 
 
 3
 Plaintiff originally injured her back in a work-related accident in 1972. In 1976, she was badly beaten while working as a barmaid and required hospitalization and multiple surgical procedures. The plaintiff testified that she continues to suffer frequent and severe headaches and neck and shoulder pain as a result of the attack. In October, 1978, she suffered a fall at her job, slipping on a wet floor and striking her back. Plaintiff testified that as a result of this incident she has developed pain in her lower back radiating up her back and down both legs. She last worked in October, 1978.
 
 
 4
 The administrative law judge (ALJ) found that the claimant suffers from the following impairments: chronic sprain and strain of the lumbar spine with left sciatica and residuals of injuries suffered in 1978 to the head, face and both shoulders. However, because a finding of disability could not be reached on the basis of medical considerations alone, the ALJ evaluated the plaintiff's residual functional capacity and the physical and mental demands of her past relevant work and concluded that she was not disabled. The ALJ based this decision upon his finding that the plaintiff has the capacity to perform sedentary work activities and that her past relevant work as an assistant secretary consisted of such sedentary work activities.
 
 II.
 
 5
 On appeal, the plaintiff argues that the Secretary's decision is arbitrary and capricious in light of her cumulative level of impairments in all areas of functioning. Specifically, she argues that the Secretary arbitrarily disregarded, as not supported by the medical record, the opinion of her treating physician, who considers her disabled since her accident in 1978.
 
 
 6
 In our opinion the ALJ's treatment of the medical reports was proper. First, the opinion of a physician as to the ultimate issue of disability is not binding on the Secretary. See Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 538 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); 20 C.F.R. Sec. 404.1527. Second, it is important to bear in mind that plaintiff's claim is based on her allegations of pain. Although pain may be the basis for a finding of disability, such a determination 'is necessarily a personal inquiry, and depends heavily on the credibility of the claimant.' Beavers v. Secretary of Health and Human Services, 577 F.2d 383, 386 (6th Cir. 1978). The importance of the medical records in a pain case is that the Secretary is not required to fully credit subjective complaints of pain if there is no underlying medical basis. See McCann v. Califano, 621 F.2d 829, 831 (6th Cir. 1980). Hence, the ALJ properly disregarded the plaintiff's complaints of headaches and shoulder pain because such complaints are not sufficiently documented in the medical reports. Indeed, there are no clinical tests showing any restriction of range of motion in her shoulders.
 
 
 7
 The plaintiff's allegation of low back pain radiating up between her shoulders and down both legs, however, is documented in the medical records. Nonetheless, we are of the opinion that substantial evidence exists to support the ALJ's finding that in light of the medical evidence and the testimony, the plaintiff's allegation that her pain is so severe and intractale as to be totally disabling is not fully credible. See Kirk, supra, 667 F.2d at 538 ('Since credibility, especially with alleged pain, is crucial to resolution of the claim, the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable and should not be discarded lightly."). Plaintiff's treating physician reported that the main obstacle to her complete recovery is her weight. Obesity is an impairment which can reasonably be controlled, and thus it cannot serve as a basis for a finding of disability. See Stillwell v. Cohen, 411 F.2d 574, 575-76 (5th Cir. 1969); 20 C.F.R. Sec. 404.1530(a). Further, subsequent to the date of her injuries, the plaintiff has engaged in full-time employment, including rather strenuous work as an automobile reconditioner, despite occasional pain.
 
 
 8
 Finally, plaintiff's own testimony supports the ALJ's determination that she is capable of returning to her past relevant work as an assistant secretary. In response to an inquiry as to whether she could preform that type of work, the plaintiff stated that it was possible. Therefore, we hold that viewing the record as a whole, substantial evidence exists to support the Secretary's decision that the plaintiff cannot be found disabled based upon the medical facts alone and that because she maintains the residual functional capacity to perform her past relevant work, the plaintiff is not disabled. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Gibson v. Secretary of Health and Human Services, 678 F.2d 653, 654 (6th Cir. 1982).
 
 
 9
 The plaintiff next argues that the refusal of the ALJ to consider any medical evidence of her alleged psychological impairments constitutes an abuse of discretion. At the close of the hearing, plaintiff's attorney requested that the record be held open so that the plaintiff could undergo a psychological examination. In his decision, the ALJ declined to accept the tendered results of the psychologist's examination because there were no extenuating circumstances which justified a post-hearing delay. Thereafter, the Appeals Council, in its letter refusing to grant the plaintiff's request for review, noted that the record showed that the plaintiff last met the earnings requirement on September 30, 1980. The Appeals Council stated that although the psychologist expressed the opinion that the plaintiff's condition had been disabling since October, 1978, this opinion was inconsistent with that of the plaintiff's treating physician, who stated in September, 1980, that the plaintiff's functional limitations were either mild or moderate. It is for the Secretary and not the reviewing court to resolve conflicts in the medical evidence. See McDowell v. Richardson, 439 F.2d 995 (6th Cir. 1971) (per curiam). We affirm both the holding of the ALJ that there was no justification for the plaintiff's failing to have all her medical records submitted prior to the hearing and the opinion of the Appeals Council that, in any event, the tendered medical evidence was contradicted by contemporaneous evidence which was more relevant to the applicable period of time.
 
 III.
 
 10
 For the reasons hereinbefore stated, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Ralph B. Guy, Jr., Judge, United States District Court for the Eastern District of Michigan, sitting by designation