786 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OWEN M. GRAVES, Plaintiff-Appellant
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-3175
 United States Court of Appeals, Sixth Circuit.
 2/7/86
 
 S.D.Ohio
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 Before: MERRITT and WELLFORD, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 Owen M. Graves ('Graves,' or 'claimant') seeks review of a final decision of the Secretary of Health and Human Services (the 'Secretary') denying his claim for disability insurance benefits and Supplemental Security Income ('SSI'). A careful review of the record reveals that the Secretary's decision is supported by substantial evidence. Therefore, we affirm.
 
 
 2
 Graves, who is forty-six years old, filed his application for disability insurance and SSI on May 10, 1982. He claims that he became disabled in September, 1979 following a job-related accident. Specifically, Graves says he injured his back severely in April, 1976 when he fell backwards while trying to lift a heavy propane tank. He continued to work, however, until September 1979 when he says the pain became intolerable.
 
 
 3
 Our scope of review in social security disability cases is limited to determining whether the Secretary's decision is supported by 'substantial evidence' in the record. 42 U.S.C.A. Sec. 405(g) ('findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . .').
 
 
 4
 Graves' claim that the ALJ did not give proper weight to Dr. Dorgan's reports is unpersuasive. While it is true that the reports of a treating physician are entitled to more weight than 'reports of physicians employed and paid by the government,' Stamper v. Harris, 650 F.2d 108, 111 (6th Cir. 1981), we know of no requirement that an ALJ must accept the medically unsupported conclusions of a treating physician. Here, Dr. Dorgan's determination that Graves is disabled is puzzling. Graves complained of low back pain and 'chronic anxiety' as early as 1977. Nothing in the record indicates that these conditions worsened or changed in any way. And, Graves continued to work until September of 1979. Nonetheless, Dr. Dorgan determines, in 1983, that claimant is disabled, even though there is nothing in his report which explains how (or whether) claimant's condition has changed since 1977. (JA, at 206-208)
 
 
 5
 We next consider Graves' claims of disabling pain and disabling mental and emotional impairments. In Whitt v. Gardner, 389 F.2d 906, 909 (6th Cir. 1968), we recognized that pain 'unaccompanied by any objectively observable symptoms may be so real . . . as to be disabling. . . .' However, we have also held that the Secretary need not credit a claimant's subjective complaints of pain where there is no medical support for them. McCann v. Califano, 621 F.2d 829, 832 (6th Cir. 1980). In the present case, Graves claims of some low back pain and tenderness are clearly supported by the record. However, Graves' own testimony reveals he is still moderately active and can (and does) control the back pain by wearing a brace. (JA at 71-72) Under these circumstances we do not find the ALJ's determination of no disabling pain unsupported by substantial evidence. As for claimant's alleged mental impairments, the ALJ declined to credit them because the record is completely devoid of any supportive clinincal or laboratory test results. The ALJ noted, and we agree, that, at most, 'the record discloses . . . transitory periods of situational depression . . ..' (JA at 19)
 
 
 6
 Lastly, Graves contends the ALJ failed to consider the combined effect of his physical and emotional impairments. The ALJ stated that he did consider all the evidence, (JA at 19), and, our own review of the record confirms his conclusion. We find there to be insufficient evidence to support a claim of disability as to Graves' physical and mental conditions--either individually or in combination.
 
 
 7
 The judgment of the District Court is affirmed. Graves v. Secretary, HHS--No. 85-3175 Edwards, dissenting. This to me is a very difficult case. There is substantial evidence to reject the claim of total disability if the decision is based solely on his physical problems. Nonetheless, the full record convinces me that Mr. Graves has serious psychiatric problems and is not a malingerer. He will not be able to work for at least the next full year, and not then unless he is provided with a rehabilitation program which enables him to live with the pain he experiences from his 1976 injury.
 
 
 8
 Dr. Edmond J. Goold, M.D., psychiatrist, after examination and pyschiatric evaluation, concluded as follows:
 
 
 9
 This claimant at the present time is discouraged and demoralized. He suffers from insomnia and also has had ideas of suicide. His weight has dropped to 137 pounds. He has become fearful of driving. In my opinion he does suffer from a depressive neurosis at the present time. He has very severe pain which cannot be fully explained on the basis of physical findings nor on anatomical distribution of nerves nor on pathophysiological mechanisms and in my opinion does represent the presence of a psychogenic pain disorder.
 
 
 10
 I believe that the combination of physical and psychiatric disorders preclude him from engaging in any substantial gainful employment activity and that he is likely not to be able to resume working for at least one year and probably for a much longer period of time.
 
 
 11
 In my opinion the psychiatric conditions are direct and proximate consequences of the injury to his back which he sustained at work at the beginning of 1976.
 
 
 12
 In my opinion, the evidence in this case is such as to warrant this court's reversal of the District Judge's affirmance of the Secretary's denial of benefits and I would so hold.