878 F.2d 382
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos IOVANNITTI, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1838.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1989.
 
 Before MILBURN, Circuit Judge, JOHN W. PECK, Senior Circuit Judge, and ANN ALDRICH, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Carlos Iovannitti ("appellant") appeals the summary judgment granted by the district court affirming the decision of the Secretary of Health and Human Services ("Secretary") denying his claim for disability insurance benefits because he was not "disabled" as defined by the Social Security Act.
 
 
 2
 Appellant filed for disability benefits on January 28, 1985. He alleged he was disabled between February 15, 1981, and June 25, 1984, by reason of manic depression. The Social Security Administration denied his application both initially and upon reconsideration.
 
 
 3
 Appellant requested a hearing before an Administrative Law Judge ("ALJ"). Because of difficulties in obtaining records and reports from appellant's psychiatrist in Argentina, the ALJ conducted three hearings in June, October, and December of 1986. Appellant testified and was represented by counsel at each proceeding. On May 4, 1987, the ALJ issued a decision denying appellant's claim for benefits. He concluded the "claimant's allegations of debilitating symptomatology were not credible," nor were they supported by sufficient medical data or physicians' reports. Moreover, the ALJ found the appellant retained the functional capacity "to perform work at any exertional level in a relatively stress-free environment during the claimed period of disability." In a letter dated August 13, 1987, the Appeals Council notified appellant it would allow the denial to become the final decision of the Secretary.
 
 
 4
 Appellant then commenced a civil action for judicial review of the Secretary's decision. The district court referred the matter to a magistrate, and both parties moved for summary judgment. On May 16, 1988, the magistrate determined the Secretary's decision was supported by substantial evidence and recommended granting summary judgment in favor of the Secretary. On June 30, 1988, the district court adopted the magistrate's recommendation and granted summary judgment in favor of the Secretary. The appellant then filed a timely notice of appeal.
 
 
 5
 Appellant was born on September 18, 1944, in Argentina, and was forty-one years old at the time of his first hearing. He attended three years of high school in Argentina and one year at a community college in the United States. He moved with his family to the United States in March 1968 and became a United States citizen in 1974. His past relevant work includes that of a draftsman, project engineer and designer. He returned to and lived in Argentina during the claimed period of disability.
 
 
 6
 Under the Social Security Act, a claimant bears the burden of demonstrating he has an impairment that can be expected to result in death, or that has lasted or can be expected to last for a continuous period of not less than twelve months. There must be a factual determination that the impairment renders the claimant "disabled," or otherwise unable to engage in any substantial gainful employment. 42 U.S.C. Secs. 423(d)(1)(A) & (2)(A). The Act does not contemplate degrees of disability nor does it allow for awards based on partial disability. McCann v. Califano, 621 F.2d 829, 832 (6th Cir.1980).
 
 
 7
 In this case, the Secretary found the appellant's impairment was severe, but it did not meet or exceed a listed impairment and, instead, Iovannitti retained the functional capacity to perform a limited range of work at any exertional level in a relatively stress-free environment. While this precluded his returning to his past relevant work, the Secretary determined that a significant number of jobs existed that the appellant could still perform during his claimed period of disability.
 
 
 8
 After careful consideration of the arguments forwarded in this case and the medical evidence contained in the record, we find the Secretary's determination that the appellant was not "disabled" within the meaning of the Act is supported by substantial evidence contained in the record. Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation