887 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary E. PHILPOT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-6435.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1989.
 
 Before MERRITT and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Mary E. Philpot appeals the order of the district court granting summary judgment for defendant and affirming the denial of supplemental security income benefits. Because substantial evidence supports the Secretary's findings, we affirm the decision of the lower court.
 
 I.
 
 2
 Plaintiff-appellant Mary E. Philpot was born March 6, 1942 and has a sixth grade education. She stands five feet tall and weighs approximately 240 pounds. Plaintiff has performed no relevant work outside the home and is not now engaged in substantial gainful activity.
 
 
 3
 On July 19, 1984, plaintiff applied for supplemental security income benefits. Her application was based on a claim that she suffers from the following diseases: narcolepsy, chronic obstructive pulmonary disease, chronic bronchitis, atelectasis, morbid obesity, spina bifida, unilateral sacralization of lumbarization at lumbar sacral junction, mild degenerative changes of the thoracic spine, large ventral hernia, anemia, and low average intelligence.
 
 
 4
 The Administrative Law Judge ("ALJ") summarized plaintiff's description of her medical status as follows:
 
 
 5
 The claimant testified that she has experienced sleepiness all her life and sometimes falls asleep two to three times in a half hour. She has fallen asleep while eating. She drives a car. Her husband and children do the work around the house. On a typical day, she gets up at 6:30, gets the children ready for school and has to lie down by 10:00. Most of her day is spent sitting on the couch. She also has a hernia. At times she gets short winded and has to get up at night. She experiences pain in her back and shoulders if she stands or sits in excess of one hour. Walking is limited to one-half block at a slow pace. The testimony of the claimant's husband was essentially the same.
 
 
 6
 ALJ Decision at 2 (April 22, 1986).
 
 
 7
 On July 23, 1987, the ALJ denied plaintiff's application for benefits, finding that plaintiff did not have an impairment or combination of impairments listed in or medically equal to one listed in 20 C.F.R. Part 404, Subpt. P, App. 1. The ALJ also found that plaintiff could perform a significant number of jobs in the national economy.
 
 
 8
 A United States Magistrate concluded that substantial evidence supported the findings of the ALJ and thus denied plaintiff's claims on appeal. The district court conducted a de novo determination of the magistrate's proposed Findings and Conclusions to which plaintiff had objected, and on October 24, 1988, accepted the determinations of the magistrate and granted summary judgment for the defendant. Plaintiff appeals the district court's decision.
 
 II.
 
 9
 This court's standard of review for supplemental security income cases mirrors the standard applied in social security disability cases. 42 U.S.C. Sec. 1383(c)(3). Our review is limited to inquiring whether substantial evidence supports the Secretary's findings. 42 U.S.C. Sec. 405(g).
 
 
 10
 Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." "Substantiality of evidence must be based on the record as a whole" and "must take into account whatever in the record fairly detracts from its weight."
 
 
 11
 Atterberry v. Secretary of Health and Human Services, 871 F.2d 567, 569 (6th Cir.1989) (citations omitted).
 
 A.
 
 12
 Plaintiff argues that she has an impairment or combination of impairments listed in or medically equal to one listed in 20 C.F.R. Part 404, Subpt. P, App. 1, Sec. 10.10. The relevant portions of the regulations state:
 
 
 13
 Obesity. Weight equal to or greater than the values specified in Table I for males, Table II for females (100 percent above desired level) and one of the following:
 
 
 14
 A. History of pain and limitation of motion in any weight bearing joint or spine (on physical examination) associated with x-ray evidence of arthritis in weight bearing joint or spine.
 
 
 15
 20 C.F.R. Part 404, Subpt. P, App. 1, Sec. 10.10. Table II lists a weight of 230 pounds for a woman sixty inches tall; plaintiff meets the height and weight requirements.
 
 
 16
 Plaintiff asserts that she also meets the requirements of paragraph A because she "has a dull, aching pain from the center of her back down into her hips" and an x-ray report from Louisville General Hospital showed "mild degenerative changes of the thoracic spine."
 
 
 17
 Evidence in the record, however, supports the conclusion that plaintiff failed to meet the requirements listed in Paragraph A. Dr. James Donley performed a consultative orthopedic examination and found that plaintiff had normal motions or, as plaintiff argues, no abnormal motions. He found no significant sensory, reflex or motor deficiency. Dr. Donley interpreted x-rays of plaintiff's lumbar spine to be normal with minimal spina bifida oculta present at S1. He also found that the rest of the plaintiff's disc spaces were well maintained and that no significant abnormalities were present. Dr. Donley's physical examination of plaintiff did not corroborate plaintiff's claims of lower back pain.
 
 
 18
 The ALJ has the responsibility to weigh the medical evidence if conflicting medical opinions have been presented. McCann v. Califano, 621 F.2d 829 (6th Cir.1980). This court has no authority to reweigh such evidence. Garner v. Heckler, 745 F.2d 383 (6th Cir.1984). Because the evidence in the record of Dr. Donley's findings provides "more than a mere scintilla" of evidence that plaintiff failed to meet the regulatory requirements listed above in paragraph A, substantial evidence supports the Secretary's finding.
 
 B.
 
 19
 Plaintiff also argues that insufficient evidence supports the Secretary's finding that plaintiff can perform a significant number of jobs in the national economy. Specifically, plaintiff appears to make two arguments: 1) plaintiff suffers from narcolepsy and so cannot function at any job, and 2) the testimony of the vocational expert that plaintiff could perform sedentary work followed an improper hypothetical question posed by the ALJ.
 
 
 20
 We have carefully reviewed the record evidence and conclude that those contentions lack merit. We conclude that substantial evidence supports the finding that plaintiff can perform a significant number of jobs in the national economy. We also conclude that the ALJ did not abuse his discretion in asking the vocational expert the hypothetical question at issue.
 
 
 21
 For the reasons give above, we AFFIRM the district court's grant of summary judgment in favor of defendant.